## SUPREME COURT.

CLINTON DELEMATER, appellant, agt. BENJAMIN BUSH, respondent.

While in deeds and other instruments a party may, for certain purposes, prove the consideration to have been different from that expressed, such evidence is not admissible to contradict an *agreement* or *covenant* to pay a certain sum.

The principle that previous oral negotiations are merged in the writing is also a reason why such proof should not be admitted in the absence of fraud or mistake.

Where, in an action upon a written agreement, the oral evidence disclosed that the parties to the action, between themselves, fixed $450 as the sum to be paid by the defendant as rent for a stone quarry entirely for the purpose of obtaining from another person a portion of that sum, when as between themselves $250 was all that was to be paid by the defendant,—*Held*, that if this was true, it was a fraud which a party was not allowed to set up as a defense.

*Third Department, General Term.*

*Argued at Albany, January,* 1872, *and decided at Schenectady, June,* 1872.

*Before* MILLER, *P. J., and* POTTER *and* JOHNSON, *JJ.*

THIS action was tried at the Greene circuit, and resulted in a verdict for defendant. Judgment for costs being entered, an appeal was taken to the general term upon a case and exceptions. The facts will more fully appear in the opinion of the court.

JAMES W. HISEERD & A. M. OSBORN, *for the appellant.*

CHARLES T. BOUTON & D. K. OLNEY, *for respondent.*

*By the Court,* POTTER, *J.*—Action upon an article of agreement with *covenant* to pay $450 for rent of a stone quarry, balance due $200.

1st. Evidence was admitted against objection and exception, that the sum to be paid was $250, and not $450, mentioned in the agreement.

I think this was error. While in deeds and some other instruments you may, for certain purposes, prove the considerations to be different from that expressed, it is not admissible to contradict an agreement or covenant to pay a certain sum. The case was tried upon this theory, and by it a verdict given for defendant.

So, too, the principle that previous oral negotiations are merged in the writing is a reason why such proof should not be admitted in the absence of fraud or mistake.

2d. The oral evidence disclosed that the parties to the action between themselves fixed $450 as the sum to be paid entirely for the purpose of obtaining from another party a portion of that sum, whereas as between themselves $250 was all that was to be paid by defendant.

If this was true, it was a fraud which a party is not allowed to set up in defense.

The judgment should be set aside, new trial ordered, costs to abide the event.