McAdam, C. J.
After the cause of action arose, the plaintiff gave the defendant, August Schwab, a receipt in full, and afterwards a general release under seal. Each expresses-a consideration of $300. Both are dated ¡November 13, 1878, and the release appears to have been acknowledged on that day. The defendants testify that the papers were delivered and money paid at the same time. There were conflicting claims to the fund in the defendant’s hands. The plaintiff claimed it, and Goestrupp & Cardanary claimed it, and had .sued to recover it. August Schwab testifies : “ Mr. Katz came to me several times. I was sued by Goestrupp & Cardanary. He sent me a notice. I had no right to pay the money over to Mr. Kurtz. He wanted a settlement. I told him I was not able to make a settlement with him; the money was stopped. Also, I said, I spoke with my lawyer; then I told Mr. Katz ‘ too much danger to pay the money over to you,’ better after awhile, I am willing to pay this $300 and take my release, that he has no claim against me.” Max Schwab swears that the settlement was in full. He-says, “ I saw my father hand Mr. Katz the money. I believe it was $300. I asked Mr. Katz at the same time if the thing in regard to the hotel was settled, and he said yes.” The release was given to the defendant, August Schwab, and in the usual course of things it would have discharged both. *495 defendants from their joint liability in respect to the fund to which it related (Cowen’s Treatise, Kingsley’s ed., § 1112.) The release was delivered and presumptively was intended to become operative. The defendants swear that the intention was to make it operative, and they have been consistent in maintaining this position ever since the release was given.
The plaintiff attempts to get rid of the effect of the release by alleging that its delivery was conditional, and for a special purpose, to-wit- of enabling the defendants to use it in defense of the suit brought by Goestrupp & Cardanry. It could be .lawfully used in that suit only as an operative legally delivered instrument, and the plaintiff will not be permitted to assert that the release was delivered for use as a legal defense in that action, to be valid for that purpose, and be allowed after the fraud was successful in that suit, to prove that there was a secret reservation and understanding that the release was not to be valid as between the parties to it, any such reservation or understanding is repugnant to the nature of the instrument and to every notion of propriety and cannot meet the approval of any court of justice. The release is in legal form, sealed and acknowledged and its delivery on payment of $300 valid, but the condition sought to be imposed void. Ex turpi causa non oritur actio. The law will not enforce or give effect to any such condition, or aid it in any form or phase. The case of Dow v. Platner (16 N Y. 562); Delemater v. Bush (45 How. Pr., 382), and Nellis v Clark (20 Wend., 24), illustrated the rule stated. In the last case cited, the court held that where a contract is entered into for fraudulent or illegal purposes, the law refused its aid to enable either party to disturb such parts as have been executed or carried into effect Upon this principle, the release having been delivered as an executed instrument upon payment of the consideration expressed, the law will refuse its aid to enable the plaintiff to disturb it on the ground that the condition of its delivery was illegal. Upon the entire case, we are of opinion that the complaint should have been dismissed on the conclusion of the trial, and that the exception to the refusal is well taken. If we are right in this conclusion, it is unnecessary for us to examine the other exceptions taken during the trial, one of which relates to the amendment allowed thereat, or to consider the effect of the infancy of the defendant Max Schwab, at the time of the transaction out of which the plaintiff bases his claim. For the reasons aforesaid, the judgment appealed from will be reversed and a new trial ordered, with costs to the appellant to abide the event.
ITehrbas, J., concurs.