Eve Lamprey and others *vs.* Uri L. Lamprey and Wife.

May 30, 1882.

**Enforcement of Voluntary Covenants—Evidence of Want of Consideration**—While, except upon the ground of fraud, a court of equity will not interfere with executed agreements or gifts, it will not lend its aid to enforce voluntary executory covenants, though under seal. In such case an actual consideration is always required, and evidence of the want of it will be received irrespective of the seal.

**Gift.— Sealed Acknowledgment of Part-payment of Debt.**—A stipulation and acknowledgment of the receipt of part-payment of an existing debt, recited in an agreement under seal and delivered to the debtor, is proper evidence of an executed gift of the debt *pro tanto*.

Plaintiffs, who are the widow and heirs-at-law of Morris Lamprey, deceased, claiming under the warranty deed to him from defendants, dated September 11, 1878, mentioned in the opinion, brought this action in the district court for Ramsey county to have the title to the lots described in that instrument declared to be in them, free from any incumbrance, and that the agreement of Morris Lamprey to reconvey, dated September 14, 1878, and also mentioned in the opinion, be cancelled and declared void, because of the failure of the defendants to comply with its terms within two years. Defendants, in their answer, allege that the deed and agreement together constituted a mortgage, set up the supplemental agreement recited in the opinion, and ask that the deed and agreements may be adjudged to be a mortgage upon the premises, and that the title to the same is in the defendant Jeanne R. Lamprey, subject only to this mortgage.

On the trial before *Brill*, J., the plaintiffs were not allowed to introduce evidence to impeach the supplemental agreement set up by defendants, and show a want of consideration therefor, and the court, having found, as a fact, the execution of the supplemental agreement as alleged, ordered judgment declaring the plaintiffs entitled to no relief. On plaintiffs' motion a new trial was ordered, for error in excluding this evidence, and defendants appealed.

*Lamprey & James* and *I. V. D. Heard*, for appellants.

Defendants plead the supplemental agreement as a bar to this action. They do not ask the court to enforce the performance of any uncompleted gift, but ask simply that their legal rights be undisturbed, and that the court leave the parties where it finds them.

The supplemental agreement was upon sufficient consideration, and, being under seal, the contract itself imports a consideration. Being a valid and binding contract at law, it will be sustained in equity unless fraud or mistake is shown. *Rose* v. *Roberts*, 9 Minn. 109, (119;) *Sonnenberg* v. *Riedel*, 16 Minn. 83; *Sharpe* v. *Rogers*, 12 Minn. 174; *Bunn* v. *Winthrop*, 1 John. Ch. 329; *Wilson* v. *Fleming*, 13 Ohio, 68; *Hale* v. *Rice*, 124 Mass. 292; *Aller* v. *Aller*, 40 N. J. Law, 446; *Warner* v. *Campbell*, 26 Ill. 282; *Flynn* v. *Mudd*, 27 Ill. 323; *Redman* v. *Deputy*, 26 Ind. 338; *Newsam* v. *Finch*, 25 Barb. 175; *Maher* v. *Lanfrom*, 86 Ill. 513; *Dickerson* v. *Board Com'rs*, 6 Ind. 128; *Baker* v. *Roberts*, 14 Ind. 552; *McKusick* v. *Washington County*, 16 Minn. 151; *Lawrence* v. *McCalmont*, 2 How. 426; *Davis* v. *Wells*, 104 U. S. 159; *Merriam* v. *Harsen*, 2 Barb. Ch. 232; *Barnum* v. *Childs*, 1 Sandf. 58; *Maigley* v. *Haner*, 7 John. 341; *Grout* v. *Townsend*, 2 Hill, 554; *Wilt* v. *Franklin*, 1 Binney, (Pa.) 502; *Schemerhorn* v. *Vanderheyden*, 1 John. 139; *Emmons* v. *Littlefield*, 13 Me. 233; *Tyler* v. *Carlton*, 7 Me. 176; *Emery* v. *Chase*, 5 Me. 232; *Steele* v. *Adams*, 1 Me. 1; *Morse* v. *Shattuck*, 4 N. H. 229; *Clifford* v. *Turrell*, 1 Younge & Coll. 138; *Hartopp* v. *Hartopp*, 17 Ves. Jun. 184; *Clarkson* v. *Hanway*, 2 Peere Williams, 203; *Nixon* v. *Hamilton*, 2 Drury & Walsh, 364; *Elden* v. *Seymour*, 8 Conn. 304; *Hurn's Lessee* v. *Soper*, 6 Har. & John. (Md.) 276; *Beach* v. *Packard*, 10 Vt. 96; *Chiles* v. *Coleman*, 2 A. K. Marshall, 296; *Gould* v. *West*, 32 Tex. 338; *Hannan* v. *Oxley*, 23 Wis. 519; *Vail* v. *McMillan*, 17 Ohio St. 617; *Bank of U. S.* v. *Hausman*, 6 Paige, Ch. 526; *McCrea* v. *Purmort*, 16 Wend. 460; *Jackson* v. *Shoonmaker*, 2 John. 230; *Strickland* v. *Harger*, 16 Hun, 465; *Powell* v. *Monson & Brimfield M'f'g. Co.* 3 Mason, 347; *Veacock* v. *McCall*, Gilpin, 329; Shepperd's Touchstone, 222; Kerr on Fraud and Mistake, 191, n. 5; 1 Greenleaf Ev. § 26, n. 1; 3 Phillips Ev. (8th Ed.) 482; 3 Washburn Real Prop. (3d Ed.) 328; 4 Kent, (12th Ed.) 507.

*C. K. Davis* and *E. R. Hollinshead,* for respondents.

The imputation of consideration for a sealed instrument is limited to actions at law, and never existed in equity. *Jefferys* v. *Jefferys,* Craig & Ph. 138; *Hervey* v. *Audland,* 14 Sim. 531; *Meek* v. *Kettlewell,* 1 Ph. 342; S. C. 1 Hare, 464; *Kekewich* v. *Manning,* 1 De G. M. & G. 176; *Short* v. *Price,* 17 Tex. 397; *Beach* v. *Cord,* 2 Har. & Gill, (Md.) 100; *Buford* v. *McKee,* 1 Dana (Ky.) 107; *Bayler* v. *Com.* 40 Pa. St. 37; *Burling* v. *King,* 66 Barb. 633; *Minturn* v. *Seymour,* 4 John. Ch. 497; Pomeroy on Contracts, §, 57; Pollock on Contracts, 168; Adams Equity, 78; Bispham's Equity, § 373.

Equity will not decree the specific performance of a contract unless it is founded on a valuable consideration moving from the party in whose behalf the performance is sought. *Seymour* v. *Delancy,* 3 Cow. 445; *Groves* v. *Groves,* 3 Younge & Jer. 163; *Houghton* v. *Lees,* 1 Jur. (N. S.) 862; *Ord* v. *Johnston,* Id. 1063; *Cochrane* v. *Willis,* 34 Beav. 359; *Wycherley* v. *Wycherley,* 2 Eden, 175; *Marler* v. *Tommas,* L. R. 17 Eq. 8; *Minturn* v. *Seymour,* 4 John. Ch. 497; *Vasser* v. *Vasser,* 23 Miss. 378; *Berry* v. *Waring,* 2 Har. & Gill, (Md.) 103; *Burling* v. *King,* 66 Barb. 633; *Shepherd* v. *Shepherd,* 1 Md. Ch. 244; *Butman* v. *Porter,* 100 Mass. 337; *Curlin* v. *Hendricks,* 35 Tex. 225; Pomeroy on Contracts, § 54.

VANDERBURGH, J. It appears, from the record in this case, that on the 11th day of September, 1878, the defendant Uri L. Lamprey was the owner of certain lots in the city of St. Paul, described in the complaint, and that at and prior to that date the defendant Jeanne R. Lamprey was indebted to Morris Lamprey, the plaintiffs' intestate, in a large sum, amounting to $13,333.33, and at that date, to secure this indebtedness, the defendants executed to him a warranty deed, absolute upon its face, of all of said lands, and, as a part of the same transaction, Morris Lamprey entered into an agreement with the defendant Jeanne R. Lamprey, of the date of September 14, 1878, whereby he undertook and agreed to reconvey the same lands to her or her assigns, upon being paid said sum, with interest at 8 per cent., within two years; and she covenanted on her part, in consideration thereof, to pay said sum and interest, together with any taxes which said Morris might pay on the property, with interest thereon at 10 per

cent., all to be paid within two years; upon which agreement was at the same time endorsed the individual guaranty of the defendant Uri L. Lamprey for the fulfilment of the agreement on her part according to its terms. Upon the same day the defendants paid upon said indebtedness, including taxes, the sum of $3,644.87, duly endorsed upon such agreement by said Morris Lamprey at that date. Upon the trial the defendants introduced evidence of another and later agreement, purporting to bear date October 14, 1878, and to have been executed by Morris Lamprey alone, and without any guaranty of the defendant Uri. The defence is predicated upon this last agreement, which is claimed to have superseded the first agreement, and which refers to and recites the terms of the same, including the guaranty, and further stipulates as follows:

"Now, therefore, for value received, and in consideration of the payment to me by said Jeanne R. Lamprey upon said indebtedness of the sum of $3.644.87, and of one dollar to me in hand paid by the said Uri L. Lamprey, the receipts whereof by me are hereby acknowledged, I, the said Morris Lamprey, do hereby acknowledge that the whole balance of said sum of $13,333.33 has been paid to me by said Uri L. Lamprey, save and except the sum of five thousand seven hundred and fifty-five and 13-100 dollars, ($5,755.13;) and I do hereby promise and agree to, at any time within five years from the date hereof, upon request and upon being paid said sum of $5,755.13, and such taxes as I may pay upon said lands, (without any interest on either,) convey unto the said Jeanne R. Lamprey, her heirs or assigns, all of the said lands, in manner and by such deed as is provided for in our said agreement.

"Dated St. Paul, October 24, A. D. 1878.

"MORRIS LAMPREY." [Seal.]

The district court held that, because this contract was under seal, evidence could not be received to show that the same was a mere voluntary agreement and without consideration, and accordingly substantially determined that the same was valid and binding, and that this action, which was brought to foreclose the first agreement, could not be maintained, because superseded by the second agreement, which was not yet due. The court granted a new trial, on the ground

of its alleged error in refusing to receive and consider evidence that the same was without consideration, and the defendants appeal.

1. It may be safely stated to be the correct rule that equity always requires an actual consideration in the case of executory agreements, and permits evidence as to the want of it without regard to the seal. Pomeroy on Contracts, § 57; Adams, Equity, *78. Equity "will not extend its peculiar remedies to gratuitous promises, even though they be under seal." Anson on Contracts, 43.

The defendants seek to substitute the contract of October 14th in the place of the previous one, and ask the court to give effect to it accordingly. The application of the rule above stated, in reference to executory covenants, cannot be evaded by the contention that the defendants require no affirmative relief in this action, but that it is sufficient to rely upon this contract as a bar to plaintiffs' relief, and to show simply that the debt has been satisfied in part, and extended as to the balance. If recognized and established, this agreement must necessarily be the foundation for equitable aid, in the nature of specific performance, to enable defendants to redeem, and regain the legal title to the lands, upon complying with the terms of the new agreement, as is affirmatively asked in the answer. The defendants have no standing in equity to compel an extension of the time of payment of the debt without interest, upon a gratuitous covenant, or upon a past consideration. While, therefore, except upon the ground of fraud, a court of equity will not interfere with executed gifts or covenants, a party has no claim to its consideration in an action to enforce a mere voluntary executory obligation. The court ruled properly in granting a new trial on this ground, and it is not necessary for us to inquire whether the evidence offered by plaintiff in this behalf might not have been rejected on other grounds. Had the objection been founded upon the state of the pleadings, it might have been obviated by an amendment. *Gray* v. *Barton*, 55 N. Y. 68.

2. We are of opinion, however, that the stipulation and acknowledgment of part-payment in this agreement—assuming its genuineness and the integrity of the transaction—may be regarded as evidence of an executed gift *pro tanto* of the debt, though the instrument be voluntary. It was the privilege of the creditor, if he chose, to make

such gift, and evidence the execution of it by a receipt or writing under seal delivered to the debtor, which, in such cases, may be the only delivery of which the subject is capable. *Gray* v. *Barton*, 55 N. Y. 68; *Ferry* v. *Stephens*, 66 N. Y. 321; *Carpenter* v. *Soule*, N. Y. Court of Appeals, 1882; *Green* v. *Langdon*, 28 Mich. 221; *Stewart* v. *Hidden*, 13 Minn. 43.

Order affirmed.