MICHAEL COPLEY *vs.* WINNIFRED HYLAND.

May 12, 1891.

Conveyance by Devisee to Avoid Contest of Will— Grounds for Setting Aside—Fraud not Proved.—Plaintiff, by an instrument under seal, assigned and conveyed to the defendant one-third of the estate acquired by him under the will of their ancestor, in settlement of a dispute and threatened lawsuit respecting the validity of his will. *Held* that, being an executed transfer, it would be set aside for fraud only, and that the evidence in the case was insufficient to show that it was procured by fraud.

Action brought in the district court for Hennepin county, and tried by *Rea*, J., who ordered judgment for defendant, and after whose retirement from the bench an order refusing a new trial was made by *Smith*, J., from which the plaintiff appeals.

*E. A. Campbell*, for appellant.

*Rea, Miller & Torrance,* for respondent.

VANDERBURGH, J.  The plaintiff and defendant are children and heirs-at-law of John Copley, late of Hennepin county, deceased, who left a will, by which, after the payment of divers small legacies, including one of $50 to the defendant, he devised and bequeathed to the plaintiff one-half of all the residue of his estate, amounting in value to the sum of $25,000, and to two other legatees each one-quarter thereof.  The will was admitted to probate June 19, 1885, but defendant, who was a non-resident, did not learn the fact, and had no notice thereof, until in October following, when she immediately came to Minnesota, and, after inquiry into the circumstances of the execution of the will and the mental condition of her father, who was at the time of the age of 80 years or upwards, determined to contest its validity in the courts.  She thereupon informed the plaintiff of her intentions, and that the grounds of her proposed contest were that the instrument in question was not the will of John Copley, and that at the time of its execution he was not of sound mind and memory, and was subjected to undue influence.  Thereupon the parties entered into negotiations for a settlement, which resulted in the execution of the instrument in question here, which the plaintiff now seeks by this action to set aside, on the ground that the same was procured by fraud and was without consideration.  This instrument is an executed agreement under seal, whereby, for the nominal consideration of one dollar, the plaintiff assigned and granted to the defendant one-third of all the estate vested or to be vested in him under the will of the deceased.  It will not therefore be set aside for want of consideration merely.  *Lamprey* v. *Lamprey,* 29 Minn. 151, (12 N. W. Rep. 514;) *Houghton* v. *Lees,* 1 Jur. (N. S.) 862; Pom. Cont. p. 81.  Upon the issue of fraud the court finds in defendant's favor, and the record supports the finding.  There is evidence tending to show grounds for her belief and statements in respect to the execution of the will, and there is nothing in the case to show that he had not equal or better opportunities of knowing the facts than she, or that he was deceived or misled by her statements.  It was evidently a voluntary and not inequitable settlement of their con-

troversy over the division of the property. There is no ground for disturbing the decision of the trial court.

Order affirmed.