W. T. SLATER v. M. B. FOSTER and Others.[1]

Aug. 6, 1895.

Nos. 9393—(209).

Action on Note—Failure of Consideration.

    D. and F. entered into a contract by which D. agreed to build certain blind ditches on F.'s land under a warranty that they would carry off all surplus waters, and with a further agreement that, if they did not fulfill the conditions of the warranty, D. would return, and dig open

[1] Reported in 64 N. W. 160.

ditches in their place. The blind ditches failed to carry off the water, and were worthless for all purposes. D. left the state, and the open ditches have not been dug. *Held*, in an action on a note given by F. to D. when the blind ditches were built, that there was a total, not a partial, failure of consideration for the note, and a complete defense to it.

Action in justice court on a promissory note made by defendant. From a judgment for plaintiff defendant appealed to the district court for Renville county on questions of law alone. From a judgment of the district court in favor of plaintiff and against said defendant and the sureties on his appeal bond for $93.17, they appealed. Reversed.

*F. R. Allen*, for appellants.
*Thos. E. Boylan*, for respondent.

COLLINS, J. There was no controversy over the facts in this case. Dell, payee of the note in suit, entered into a contract with defendant, maker, whereby he agreed to build and construct certain blind ditches for drainage purposes under an express warranty that they should be capable of carrying off all surplus waters from defendant's land, and further, if they failed to comply with this warranty, that he would return, and dig open ditches for the same purposes. The note was given on the completion of the blind ditches. They wholly failed to carry off the water as warranted, and were of no value whatsoever. Dell left the state, and the open ditches have not been dug. The contract furnished the only consideration for the note; and upon Dell's failure to perform it in accordance with its terms there was an entire failure of consideration.

If the agreement had been that upon a failure of the blind ditches to carry off the surplus water, as warranted, Dell would return and enlarge them, or in some other manner make them comply with the warranty, no one would contend that the failure of consideration was but partial. That, instead of enlarging the ditches already built, he was to dig others can make no possible difference with defendant's rights and remedies. He is situated precisely as if no note had been given, and Dell had attempted to collect the amount claimed to be due without fulfilling his contract. The consideration has entirely failed, and a total failure has the same effect upon the liability of the maker of a note as an original total want of consid-

eration. The defendant has received no benefit from his contract, and has retained nothing which he could have returned. The plainest principles of justice require that he should not be compelled to pay the note. The plaintiff received the note from Dell by a sale, and not by indorsement. The latter did not indorse the note, nor was it actually delivered to plaintiff until after maturity. He acquired title to the paper, but not the rights of a bona fide holder. Pease v. Rush, 2 Minn. 89 (107); Van Eman v. Stanchfield, 10 Minn. 197 (255). See, also, Fredin v. Richards, 61 Minn. 490, 63 N. W. 1031.

The judgment is reversed, and, on remanding, judgment will be entered in defendant's favor for his costs and disbursements.