WALTER WARNER v. ERNEST SCHULZ.

November 15, 1898.

Nos. 11,367—(230).

Promissory Note—Failure of Consideration after Execution—Parol Evidence.

It is a general rule that parol evidence is inadmissible to explain away or vary a written instrument, but it is competent to show by parol evidence that subsequent to the giving of a note there was a total failure of the consideration for which it was given.

Action before a justice of the peace to recover on a promissory note.  The justice rendered judgment in favor of defendant, and plaintiff appealed on questions of law alone to the district court for Clay county.  The district court, Baxter, J., reversed the judgment, and from an order denying a motion for a new trial, defendant appealed.  Reversed.

C. A. Nye, for appellant.

G. Halvorson, for respondent.

BUCK, J.

This action was brought to recover the amount of a promissory note executed by the defendant, Schulz, to the plaintiff, Warner, for the services of a stallion in 1891.  There was a prior written instrument or note given by the defendant to plaintiff for the same consideration, amounting to $40, dated July 23, 1891, payable February 1, 1892, without interest, and which contained this clause:

"This note is given for the insurance of mare to be with foal; the conditions being that, if said mare does not prove to be with foal, then this note to be null and void."

After this note became due, Warner claimed that the mare was with foal, though Schulz did not believe it, but consented to give a new note, drawing interest, in the place of the old one, which is the note sued upon, dated February 20, 1892, payable in 60 days after date, drawing interest at the rate of 10 per cent. per annum until paid.  The agreed consideration for this note was precisely the same as that for which the first one was given; the defendant being induced to give it upon the representations and guaranty of plaintiff that, if the mare did not prove to be with foal, this note should be null and void, and need not be paid by defendant.  The mare was not with foal, and when plaintiff brought suit upon the note the defendant set up the defense of a total failure of consideration. The justice before whom the cause was tried rendered judgment in favor of the defendant and against the plaintiff, and upon appeal to the district court this judgment was reversed, and defendant appealed upon questions of law alone.

The evidence, with the records, was returned by the justice to the district court, and it was upon the whole record that the

district court reversed the judgment of the justice. We infer that this reversal was based upon the fact that the parol evidence was not admissible to show a total failure of consideration for the execution of the note sued upon. It is a general rule that parol evidence is inadmissible to explain away or vary a written instrument, but it is competent to show by parol evidence that subsequent to the giving of a note there was a total failure of the consideration for which it was given. Slater v. Foster, 62 Minn. 150, 64 N. W. 160. The same facts existed at the time of giving each note, and there was an entire failure of consideration for the giving of. either. Hence the justice was right in rendering judgment for the defendant, and the district court erred in reversing it.

The order of the district court is therefore reversed, and the cause remanded, with directions that said court cause judgment to be entered affirming the judgment of the justice.