CASE 66.—SEPARATE ACTIONS OF MUPRHY, THOMPSON & CO., AGAINST GEORGE W. REED AND OTHERS, W. M. ADDINGTON AND OTHERS, AND CLINTON INGLEHEART AND OTHERS, TO ENFORCE AN OPTION TO SELL LAND.—May 3.

## Murphy, Thompson & Co. v. Reed, &c.
### Same v. Addington
### Same v. Ingleheart, &c.

Appeal from Ohio Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for defendants. Plaintiffs appeal. Reversed.

1. Vendor and Purchaser — Options — Construction — Where options described land, recited a consideration of $1 paid, and obligated the grantors to convey the coal underneath the land within a specified future period, on notice of the acceptance of the option and the payment of $5 per acre cash,

the price per acre should be held to be the consideration for the coal, while the $1 cash paid was the consideration for the extension of the offer of sale.

2   Same—Adequacy—The consideration of $1 for an option to purchase coal underlying certain land in controversy, to extend over a year, was merely nominal, and insufficient to prevent withdrawal of the offer before acceptance.

3.   Same—Acceptance—Contract—Where certain options were based on an insufficient consideration to require performance by the vendor, but the options were not withdrawn prior to acceptance, the options became effective on acceptance, and operated to complete a binding contract between the parties.

J. S. GLENN for appellants.

R. E. L. SIMMERMAN of counsel.

.   POINTS AND AUTHORITIES.

1.   Option contracts discussed and defined.

2.   An option is a contract by which the owner of property agrees with another that he shall have the exclusive right to buy his property at a fixed price within a time certain. (Ide v. Leiser, 24 Pac. Rep., 695; Mathew Slate Co. v. New Empire Slate Co., 122 Fed., 972; Bradford v. Foster (Tenn.) 9 S. W., 195; Gordon v. Darnell, 5 Colo., 302; R. R. Co. v. Bartlett, 3 Cush., 224; Bean v. Burbank, 16 Me., 458; De Rutte v. Muldrow, 16 Cal., 505; Johnson v. Trippe, 33 Fed., 530; Thomisson v. Dill, 30 Ala., 444; Mers v. Insurance Co., 68 Mo., 127; Thorn v. Deas, 4 Johns., 84; Burnett v. Biscoe, Id., 235; Lees v. Whitcomb, 5 Bing., 34; Bish. Cont., sec. 77, 78; McDonald v. Bewick, 51 Mich., 79; Schroeder v. Gemeinder, 10 Nev., 356; Woodruff v. Woodruff, 44 N. J. Eq., 335, 16 Atl. Rep., 4; Perkins v. Hadsell, 50 Ill., 216; Wat. Spec. Perf., sec. 200.)

3.   Options are divided into two .classes:   (a) Those with a consideration.   (b) Those without a consideration.   An option founded on a consideration cannot be revoked or withdrawn within the time limited in the option contract.   An option without a consideration may be withdrawn at any time before its acceptance by the optionee, but when once accepted by the optionee before withdrawal, becomes a binding contract on both parties. (Rease v. Kittle, 49 S. E., 150; Ide v. Leiser, 24 Pac Rep., 695; Bradford v. Foster, 9 S. W., 195.)

4.   An option is property, has value and is the subject of sale.

It is an executed contract with parties, and in one class, consideration and mutuality. (Hopwood v. McClausland, 94 N. W., 469; Ide v. Leiser, 24 Pac. Rep., 695.)

5. The right to compel the conveyance of the property, which is the subject of the option, will be enforced in a court of equity at the suit of the optionee, although there is no corresponding right in the optionor to compel the optionee to take the property. (Guyer v. Warren, 51 N. E., 580; Ross v. Park, 11 L. R. A., 148; Ide v. Leiser, 24 Pac. Rep., 695; Bradford v. Foster, 9 S. W., 195; Johnson v. Trippe, 33 Fed., 530; Watts v. Keller, 56 Fed., 1; Waterman v. Waterman, 27 Fed., 827; Willard v. Tayloe, 8 Wall, 557; Brown v. Slee, 103 U. S., 828; Estes v. Furlong, 59 Ill., 298; Perkins v. Hadsell, 50 Ill., 216; Hays v. O'Bryan, 149 Ill., 403; Smith's Appeal, 69 Pa. St., 474; Houghwout v. Boisaubin, 18 N. J. Eq., 318; Hawralty v. Warren, Id., 124; Shroeder v. Franklin, 10 Nev., 355.)

6. It is the right to buy the property, which is the subject of the option, at the optionee's election, that is sold and bought by the optionee, and this right of election is property and has value.

7. The sufficiency of the consideration of an option contract cannot be inquired into on demurrer.

8. Any consideration, which is of pecuniary value, however small, or which is of benefit to one party or injury to the other, is sufficient to uphold a written contract. (9 Cyc., 311; Price v. Price, 23 Ky. Law Rep., 911.)

9. The doctrine of mutuality, as stated in the case of Litz v. Goosling, 14 Ky. Law Rep., 91, has no application to option contracts. (Rease v. Kittle, 49 S. E., 150; Lowther Oil Co. v. Guffy, 43 S. E., 101; Duffy v. Shockey, (Ind.) 71 Am. Dec., 348; Ide v. Leiser, 24 Pac. Rep., 695; Matthew Slate Co. v. New Empire Slate Co., 122 Fed., 972; Watts v. Keller, 56 Fed., 1; Pomeroy Cont., 167-169 and notes; Guyer v. Warren, 51 N. E., 580.)

10. The one and only purpose of an option is to eliminate mutuality in reference to the property which is the subject of the option. (Ide v. Leiser, 24 Pac. Rep., 695; Pomeroy Cont., 167-169 and notes; Johnson v. Trippe, 33 Fed., 530; Watts v. Keller, 56 Fed., 1; Waterman v. Waterman, 27 Fed., 827; Willard v Tayloe, 8 Wall, 557; Brown v. Slee, 103 U. S., 828; Estes v. Furlong, 59 Ill., 298; Perkins v. Hadsell, 50 Ill., 216; Hays v. O'Bryan, 149 Ill., 403; Smith's Appeal, 69; Pa. St., 474; Houghwout v. Boisaubin, 18 N. J. Eq., 318; Hawralty v. Warren, Id., 124; Schroeder v. Franklin, 10 Nev., 355.)

11. An option may be defined, again, as a continuing offer to sell and if founded on a consideration, cannot be withdrawn by the optionor within the time limited, and if without consideration

becomes binding if accepted by the optionee before withdrawal by the optione-

W. H. BARNES, BARNES & ANDERSON and J. E FOGLE, for appellee.

(No brief in the record.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Reversing.

These cases involve a common principle of law, viz., the binding force, of an option to sell real estate. The options describe the land, and recite a consideration of $1 paid. They obligate the owners of the soil to convey the coal in the land by general warranty deed to the optionee within a specified future period, on notice by the optionee to the owners of the acceptance of the option and the payment of $5 per acre cash. During the life of the options the optionee did accept their terms, notified the owners thereof, and tendered the contract price recited in the options. The owners having refused to accept the money or to convey the lands, these actions were brought by the optionees to have a specific execution of the contracts. Demurrers were sustained to the petitions, on the ground that the contracts were unilateral, lacking in mutuality, and unenforceable, and the petitions were dismissed.

It is generally said that one essential of every executory contract is mutuality of obligation and remedy. That there must be mutuality of obligation, by which is meant an undertaking on one side and a consideration upon the other, is true always. But it is not true always that there must be mutuality of remedy. One example is a contract for a sufficient consideration between an adult and an infant may be

enforced against the adult, although he might not enforce it against the infant. And there are others. An option to sell is a standing offer to sell to the person and upon the terms named in the option, and an agreement to keep the proposition open for acceptance for the time stated. If its terms are fair, and have been understandingly entered into, there appears no reason why it should not be enforced, if accepted and offered to be complied with by the payment of the consideration within the time stipulated. If the same proposition had been made by the owner for immediate acceptance, and it had been immediately accepted, there would be no doubt that it was binding upon the offerer. The only difference between the one imagined and the contracts in suit is, instead of an offer for immediate acceptance, there is one left open for acceptance for a certain period, within which it is accepted. The option is said to contain two contracts, as it were: One, the contract to sell the land, which is the main contract, and which is uncompleted till accepted; and the other, the agreement to give the optionee a certain time within which to exercise his option of accepting and becoming bound upon the first contract, which is a completed contract. Each must have a consideration to support it. The consideration for the main contracts in this case is the price per acre stipulated to be paid upon the execution of the deeds. When the contract was accepted by the optionee, he became bound for the payment of the purchase price, and by tendering it complied fully with the element of mutual obligation upon his part.

The consideration for the agreement to give the optionee the definite time within which to exercise his choice, called the "option," is in these cases, the

$1 recited. It might have been more, or an entirely different consideration. Though there are authorities holding a consideration of $1 as sufficient to uphold such an agreement, we are not disposed to go so far. Such consideration is so flagrantly disproportionate to the value of the privilege in these cases—the options extending over a year—that it is merely nominal. It is not substantial, and the parties could not have regarded it as in any sense an equivalent of the privilege which was being contracted for. While upon demurrer the courts will be slow to say that a recited consideration is no consideration, if it has any appearance of having been regarded by the parties as the agreed value of the thing contracted for, where the stated consideration is so manifestly inadequate and disproportionate to the value of the thing being sold (the privilege or option) as to represent no value, or only a nominal value, it will be construed on demurrer, as a matter of law, as not having a consideration at all. If there is doubt about the matter, then the question of its value or adequacy is a defense to be pleaded. An option, to be binding upon the owner, in the sense that it is irrevocable upon him during the period for which it was given, must be upon a valuable and sufficient consideration. It may consist in money paid or to be paid for it, or in property, services, or counter benefits accruing to the owner, or disadvantage incurred by the optionee. In short, it may be such consideration as will support any other sort of contract. In this view of the matter, the options in these cases were not supported by sufficient consideration to have bound the owners not to withdraw them during the term for which they were given. They could have been withdrawn before acceptance, without liability

to the givers of the options. But, as they were not withdrawn, they constituted, instead of binding options, voluntary offers to sell, which, like any other valid offer, were, when accepted, binding upon the person making them. The statute of frauds is not involved in these cases. Tyler v. Ontzs, 93 Ky. 331, 14 Ky. Law Rep. 321, 20 S. W. 256.

This conclusion is reached after a careful consideration of the cases heretofore in this court and of the state of authorities elsewhere. The great weight of authority, and what seems to us to be the right of the matter, is in favor of upholding and enforcing such contracts. While formerly there was a marked difference of opinions as to the validity of pure options, there seems to have been but little divergence among the courts as to the enforcibility of such options when connected with leases. However, this court in its early history took the contrary view in Boucher v. Vanbuskirk, 2 A. K. Marshall (Ky.) 345. But in the later case of Bank of Louisville v. Baumeister, 87 Ky. 12, 9 Ky. Law Rep. 845, 7 S. W. 170, and Bacon v. Ky. Cent. Ry. Co., 95 Ky. 373, 16 Ky. Law Rep. 77, 25 S. W. 747, the principle of the Boucher-Vanbuskirk case was repudiated. The real underlying principle of the case where the option is given as part of a lease, and is enforced, is that it was based upon a sufficient valuable consideration. Therefore any other sufficient valuable consideration ought to support an option contract to sell. In Litz v. Goosling, 93 Ky. 185, 14 Ky. Law Rep. 91, 19 S. W. 527, 21 L. R. A. 127, the option in suit was substantially the same as those now under consideration. It does not appear that the court considered the effect of an acceptance of the option during its term and before its withdrawal by the owner of the land. The

court said: "If the contract for an option to purchase real estate at a certain price within a certain time be based upon a sufficient consideration, which may consist, of course, either in an advantage moving to the one party, or a disadvantage to the other, then it is enforceable; but where a mere naked option, destitute of consideration, is given to one, it is not enforceable, because there is no mutuality of right and remedy."

Nor do we say now that such an option is enforceable as to the terms of the option (independent of the terms of the contract to sell the land); that is to say, the owner could not be compelled to keep the option open for acceptance for its full term, and that is the only contract embraced in the option, strictly speaking. The other contract, the one to buy the land, is yet to be consummated, and is not a contract at all until it is accepted within the time and terms stated in the agreement. What was said in Litz v. Goosling, supra, as to the binding validity of the option without consideration, is adhered to; but, if it should be deducible from the opinion that it was also intended to hold that the optionee could acquire no right in the contract by accepting it during its term and before notice of its withdrawal, then we disavow the principle, and to that extent the case will no longer be regarded as authority.

The judgment in each case is reversed, and each cause is remanded, with directions to overrule the demurrers and for proceedings not inconsistent herewith.