# JACOB G. MORRISON v. JOHN W. JOHNSON.[1]

March 24, 1921.

No. 22,278.

**Option—whether contract or offer.**

1. An option to purchase property, if given for a valuable consideration, is a valid contract, but if given without a consideration is a mere offer which may be withdrawn at any time before acceptance.

**Consideration for option — burden of proof.**

2. The consideration for an option must be separate and distinct from the purchase price to be paid for the property, and the burden of proving it rests on the party asserting the option.

**What one dollar will buy.**

3. The payment of one dollar will sustain a short-time option to purchase on fair terms.

**Recital of contract may be impeached.**

4. Although an option contract recites the payment of a consideration, it may be impeached by showing absence of consideration.

**Charge to jury—presumption.**

5. It will be presumed that the evidence warranted the assumptions of fact in the charge, unless the record shows the contrary.

Action in the district court for Meeker county to recover $1,160 for breach of contract. The facts are stated in the opinion. The case was tried before Daly, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Alva R. Hunt*, for appellant.

*N. D. & C. H. March,* for respondent.

TAYLOR, C.

Defendant had a verdict and plaintiff appeals from an order denying a new trial. The record contains the pleadings and a very brief bill of exceptions. The complaint alleges:

[1]Reported in 181 N. W. 945.

"That upon the 11th day of March, 1919, the defendant executed and delivered to the plaintiff his certain option contract in writing, wherein he agreed that the plaintiff, at any time within twelve months, might purchase of the defendant for the sum of fourteen thousand and forty dollars, the southwest quarter of section 29, township 119, range 30," on the terms therein specified.

"That on or about July 12th, 1919, plaintiff having procured a buyer for said land at the price of $15,200, elected to purchase said land under said option agreement, and on that day produced and counted down the sum of $1,000 (the initial payment) in money and then and there offered the same to the defendant in compliance with the terms of said option contract, but that the defendant then and there refused to accept said money and repudiated said contract," in plaintiff's damage in the sum of $1,160.

The answer, among other things, contains allegations to the effect that defendant was induced to sign the contract by fraudulent misrepresentations, that there was no consideration for it, and that defendant had revoked and annulled it before plaintiff made his tender.

The bill of exceptions sets forth the contract which is as follows:

"For and in consideration of the sum of $1.00 to me in hand paid, the receipt whereof is hereby acknowledged, I hereby grant unto Jacob G. Morrison of Litchfield, Minnesota, an option for twelve months from date hereof to purchase for the sum of fourteen thousand and forty dollars the following described land" (here follows the description of the land and the terms of payment).

"That at any time during this option, that said party makes the payments above mentioned, I agree to give him a good and sufficient deed of conveyance of said land, clear of incumbrances, with full covenants of warranty and also a complete abstract of title to the same.

"In testimony whereof, I have hereunto set my hand and seal this 11th day of March, A. D. 1919.

"John W. Johnson."

The bill of exceptions further sets forth that on July 12, 1919, plaintiff tendered the initial payment and demanded that defendant carry out the contract, but that defendant refused to receive the payment and refused to perform the contract on his part. It further sets forth that there

was evidence on the part of defendant tending to prove that before plaintiff made his tender defendant had notified him that the option was withdrawn and annulled, and evidence on the part of plaintiff to the contrary. It further sets forth, in substance, that the court instructed the jury that defendant had the right to withdraw the option at any time before plaintiff accepted it, and that plaintiff was not entitled to recover if defendant had notified him that the option was withdrawn before he made the tender, but further instructed them that plaintiff was entitled to recover if he made the tender before he was notified that the option had been withdrawn.

The sole question presented is whether the court erred in instructing the jury that defendant had the right to withdraw and cancel the option at any time before its acceptance, and in further instructing them that plaintiff was not entitled to recover if defendant had in fact given notice that the option was withdrawn before plaintiff made his tender.

An option is merely an agreement to hold an offer to sell property open for a specified time. If the agreement is made for a valuable consideration, it becomes a binding contract and the offer cannot be withdrawn; if made without consideration it does not become a binding contract until accepted, and the offer may be withdrawn at any time before it has been accepted, 27 R. C. L. 338; Pollock v. Brookover, 60 W. Va. 75, 53 S. E. 795, 6 L.R.A.(N.S.) 405; Friendly v. Elwert, 57 Ore. 599, 105 Pac. 404, 111 Pac. 690, 112 Pac. 1085, Ann. Cas. 1913A, 357, and note at page 364; James, Option Contracts, § 102. The contract in question is not executed by plaintiff and contains no provision obligating plaintiff to do anything. Consequently it is not supported by a consideration, unless a consideration was given as a part of the transaction in which it was executed. Such consideration must be separate and distinct from the obligation of the optionee to pay the stipulated price in case he elects to purchase the property. Ide v. Leiser, 10 Mont. 5, 24 Pac. 695, 24 Am. St. 17; Murphy v. Reed, 125 Ky. 585, 101 S. W. 964, 10 L.R.A.(N.S.) 195, 128 Am. St. 259; James, Option Contracts, § 703.

The burden rested on plaintiff to show that the option was supported by a valuable consideration. The complaint does not allege a consideration. The answer avers that there was no consideration. The bill of exceptions contains no statement relating to the matter of consideration.

The only thing in the record, tending to show a consideration, is the recital in the contract that a consideration of one dollar had been paid for it. But defendant asserts in his brief, and plaintiff seems to concede, that in fact this dollar was not paid.

Plaintiff apparently takes the position that the payment of one dollar is a sufficient consideration to sustain the option, and that the fact that the dollar was not paid cannot be shown to contradict the recital of payment contained in the contract.

It seems to be settled by the weight of authority that a consideration of one dollar will sustain a short-time option to purchase on fair terms. Guyer v. Warren, 175 Ill. 328, 51 N. E. 580; Ross v. Parks, 93 Ala. 153, 8 South. 368, 11 L.R.A. 148, 30 Am. St. 47; Smith v. Bangham, 156 Cal. 359, 104 Pac. 689, 28 L.R.A.(N.S.) 522; Mier v. Hadden, 148 Mich. 488, 111 N. W. 1040, 118 Am. St. 586, 12 Ann. Cas. 88; James, Option Contracts, §§ 324, 325. The Kentucky court holds that a mere nominal consideration is not sufficient. See Murphy, Thompson & Co. v. Reed, 125 Ky. 585, 101 S. W. 964, 10 L.R.A.(N.S.) 195, 128 Am. St. 259.

Plaintiff cites McMillan v. Ames, 33 Minn. 257, 22 N. W. 612, and other similar authorities to the effect that an option contract under seal cannot be impeached for want of consideration, and seeks to apply the same rule to the contract in question. The McMillan case was decided before private seals were abolished in this state, and applied the common-law rule that a person who executed an instrument under seal could not defeat it by showing want of consideration. That case pointed out the distinction made by the common law between simple contracts and contracts under seal, and that simple contracts could always be impeached for want of consideration, while contracts under seal could not. Plaintiff contends that the rule which formerly applied to contracts under seal should also apply to simple contracts which recite or import a consideration. But this court has always held that such contracts may be impeached by showing want of consideration. Ruggles, N. & M. Co. v. Swanwick & D. 6 Minn. 365 (526); Lamprey v. Lamprey, 29 Minn. 151, 12 N. W. 514; Pray v. Rhodes, 42 Minn. 93, 43 N. W. 838; Slater v. Foster, 62 Minn. 150, 64 N. W. 160; Warner v. Schulz, 74 Minn. 252, 77 N. W. 25; Northwestern Creamery Co. v. Lanning, 83 Minn. 19, 85 N. W. 823; Conrad v. Clarke, 106 Minn. 430, 119 N. W. 214, 482; National Citizens

Bank v. Bowen, 109 Minn. 473, 124 N. W. 241; Shalleck v. Munzer, 121 Minn. 65, 140 N. W. 111; Kragnes v. Kragnes, 125 Minn. 115, 145 N. W. 785; State Bank of Willow River v. Pangerl, 139 Minn. 19, 165 N. W. 479. While the cases cited did not involve option contracts, the same rule applies to such contracts. James, Option Contracts, § 331; Stigler v. Jaap, 83 Miss. 351, 35 South. 948; Crandall v. Willig, 166 Ill. 233, 46 N. E. 755; Luke v. Livingston, 9 Ga. App. 116, 70 S. E. 596; Rude v. Levy, 43 Colo. 482, 96 Pac. 560, 24 L.R.A.(N.S.) 91, 127 Am. St. 123; McMillan v. Ames, 33 Minn. 257, 22 N. W. 612.

The bill of exceptions contains none of the evidence other than the written contract. It contains only a part of the charge and contains no statement whatever as to whether the consideration of one dollar had been actually paid. Conceding that the recital in the written contract is prima facie evidence of the payment of the dollar, and that there is no formal admission that it was not paid, yet we must assume in support of the charge that the fact that it was not paid had been established by the evidence. 1 Dunnell, Minn. Dig. § 375, and cases there cited.

Order affirmed.