WILLIAM DELINE v. THE MICHIGAN FIRE & MARINE INSURANCE COMPANY.

*Pleading—Amendment of notice of defense.*

A defendant who applies for leave to add a new notice of defense to his plea after the opening of the trial must show in some way that he is entitled to such favor, and that it can be granted without injustice, and in the absence of such showing it is not error to refuse the application.

Error to Genesee. (Newton, J.) Argued May 15, 1888. Decided May 23, 1888.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Wilkinson & Post,* for appellant

*Durand & Carton,* for plaintiff.

CAMPBELL, J. Plaintiff sued for the insurance money on a dwelling-house policy issued to him in December, 1884. The house was burned early in May, 1886. Suit was begun in November, 1886, and put at issue on several defenses, going mostly to alleged wrongs of plaintiff in getting out the policy, and in causing the fire. In November, 1887, the case came on for trial; and, after it had been opened to the jury, defendant's counsel moved to add a new notice to the effect that plaintiff had burned a house formerly standing on the same premises, and had concealed this fact from the agent when he took out the policy in suit. The court denied the motion, and most of the errors assigned are dependent on the same question.

Apart from the delay, and the fact that the case had been opened before the question was presented, the court was

abundantly justified by the entire omission of defendant to make any showing whatever in support of the application. A party desiring such a favor must show in some way that he is entitled to it, and that it can be had without injustice. Sometimes this will appear from what comes out on the trial. But in this case the motion was not made on anything appearing upon the trial, and it proposed to introduce a new issue that the plaintiff could not be expected to meet. It is certain that allowing such a motion as was made here, which, for anything that appears, was not made on any new information, would operate very unjustly, and it was properly denied.

Beyond this question, and those depending on it, we discover nothing alleged as error beyond some matters in no way pertinent or important, and some hearsay evidence rejected, which was plainly not admissible. In spite of the rejection of the amended notice, the court opened the door as widely, at least, as was proper, to admit a good deal of evidence bearing on the same issue; and it is clear from the result that the jury regarded plaintiff as the victim of mischief, and not its author, and disbelieved the testimony of his accusers. It is not for us to pass upon the facts, but they were at liberty to find as they did, and we suppose the circuit judge was not of opinion that their verdict was against right.

The judgment must be affirmed.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred.