W. S. Edwards v. S. M. Porter *et al.*
No. 13,864.   ( 79 Pac. 159.)

Error from Montgomery district court; Thomas J. Flan-nelly, judge.   Opinion filed January 7, 1905.   Affirmed.

*Rossington, Smith & West,* for plaintiff in error.

*S. M. Porter, T. H. Stanford,* and *O. P. Ergenbright,* for defendants in error.

*Per Curiam:* W. S. Edwards sued S. M. Porter and H. A. Truskett for $3333.33, and having failed to recover brings this proceeding to reverse the judgment against him.   His petition alleged that at a time when he and each of the defendants owned an equal amount of stock in a mining corporation he authorized them to sell his interest together with theirs; that they sold the stock for $20,000 but falsely represented to him that they had received but half the amount; that, in ignorance of the real facts, he made a settlement with them and received his share on the basis of a sale for $10,000.   He therefore demanded judgment for a third of the sum concerning which no accounting had been made with him.   The case was tried without a jury.   No findings of fact were made.   A reversal is asked upon the sole ground that under the evidence judgment should have been given for the plaintiff.

The evidence introduced in behalf of plaintiff was sufficient to support his claim, and a demurrer to it was rightfully overruled.   The defendants gave oral testimony to the effect that they had been requested by plaintiff to sell the stock for $10,000 if they could get it, and, if not, to let it go for such amount as could be obtained, not less than $7500; that in the course of negotiations for a sale the prospective buyers exacted as a condition of purchase that the defendants should guarantee that no indebtedness existed against the corporation, and in particular should agree to defend at their own expense a suit then pending against it, and pay any judgment that might be rendered therein; that defendants offered to sell the stock for $10,000, if not required to assume personal responsibility for any claims against the corporation; that this offer was declined, and an agreement was finally made and carried out by the terms of which the buyers were to pay $20,000 and defendants were to deliver the stock and furnish the desired indemnity; that this entire transaction was reported to plaintiff, and that

he, with a full knowledge of all the facts, made a settle-
ment with defendants and accepted the amount paid him
as his share of the proceeds of the transaction, and only
asked a further accounting from defendants after they had
made an advantageous settlement of the litigation against
the company.   If this testimony be accepted as true a good
defense was established.   The trial court evidently believed
it, and its decision in this regard is not subject to review
here.

The judgment is therefore affirmed.