## DEMPLE v. CARROLL.
### (No. 734.)

EVIDENCE—PAROL EVIDENCE—CONTRACT—PLEADING—AMENDMENT—
NEW TRIAL—SURPRISE—NEWLY DISCOVERED EVIDENCE—ABSENCE OF
WITNESS—PETITION—SUFFICIENT STATEMENT OF CAUSE OF ACTION.

1. The law excludes, as incompetent, parol testimony to vary the terms of a written instrument, or to prove a parol contemporaneous agreement at variance from the writing, in the absence of fraud, accident, or mistake.

2. The rule stated applied, where defendant, who had purchased plaintiff's interest and stock in a corporation and as part of the consideration agreed in writing to assume

"all" of the plaintiff's "obligations of the" corporation, alleged and sought to show by parol testimony, in an action by plaintiff to recover an obligation entered into by the plaintiff for the corporation and not paid by defendant, that the agreement was for the assumption by defendant of certain specified obligations not including the one in suit.

3. It was not error during the trial for the court to refuse permission to the defendant to amend his answer so as to allege that his signature to the contract was procured by fraud, deceit and false representations.

4. Having permitted the defendant to introduce his evidence as to fraud, deceit and false representations subject to the plaintiff's objection, it was not error at the close of the evidence to exclude all such evidence, since its purpose was to alter or vary the terms of the written contract, and was inadmissible under the pleadings.

5. Aside from the statute (Comp. Stat. 1910, Sec. 4437) providing that a party applying to amend a pleading during the trial shall be required to show that the amendatory facts were unknown to him prior to the application, unless the court in its discretion shall relieve him from so doing, the general rule is that it is not an abuse of discretion to refuse to allow on the trial an amendment which materially changes the cause of action or defense.

6. That a witness did not testify to certain matters does not entitle the party complaining thereof to a new trial on the ground of surprise, where it appears that the witness was not interrogated as to such matters, for it cannot be assumed that he would not have so testified had he been examined as to them.

7. That a witness who had been summoned did not appear at the trial on account of a death in his family is not a ground for new trial where no continuance of the case or postponement of the trial was asked for on that ground.

8. It was not error to refuse defendant's motion for a new trial on the ground of newly discovered evidence where it appears that the alleged new evidence consisted of the testimony of persons who were interested in the corporation before, at the time of, and subsequent to the transaction between plaintiff and defendant, and what could be shown by the books of the company, and it not appearing that defendant had consulted said persons about the matter, or examined the books of the company before the trial, or that any effort was made to produce such evidence on the trial.

9. A party cannot neglect to exercise such reasonable diligence in the preparation of his case as the circumstances would reasonably suggest and as will enable his attorneys to take the necessary steps to procure the evidence, go to trial without it, and when defeated, be entitled to, a new trial for the lack of evidence which could have been produced had proper diligence been exercised.

10. Referring to the petition set out in the opinion it is held to have stated facts sufficient to constitute a cause of action.

ON PETITION FOR REHEARING.

11. The plaintiff having advanced to the corporation the sum of money sued for prior to the sale of his interest and stock to the defendant upon the latter assuming the payment of the plaintiff's obligations for the company, the fact that the plaintiff was a stockholder of the company did not make the company any less his debtor or entitle the defendant to a reduction in the amount of recovery proportionately to plaintiff's stock ownership in the action against defendant for the payment of an obligation assumed by him.

12. Where defendant as a part of the consideration for the purchase of the interest and stock in a corporation assumed, all of plaintiff's obligations for the corporation, and in an action by the plaintiff upon that contract to recover the amount of an obligation so assumed it was not set up in the answer that defendant was merely acting as an agent for another person with the knowledge of the plaintiff, that issue was not presented by the pleadings and was not a question in the case on error.

[Decided June 30, 1913.]                   (133 Pac. 137.)
[Rehearing denied September 29, 1913.]     (135 Pac. 117.)

ERROR to the District Court, Sheridan County, Hon. CARROLL H. PARMELEE, Judge.

The material facts are stated in the opinions.

*Camplin & O'Marr,* for plaintiff in error.

The petition fails to state a cause of action and therefore the court should have sustained the objection to the introduction of any evidence by the plaintiff. No authority is shown for the borrowing of money for the company by the plaintiff. It is not alleged that demand was ever made

by the plaintiff on the corporation for the money so borrowed or advanced or that the corporation refused to pay the amount. And the facts alleged are insufficient to show that plaintiff's individual note was an obligation of the corporation or that it was one of its obligations at the time it was paid by the plaintiff.

It was error to deprive the defendant of the right to cross-examine the plaintiff as to the consideration for the sale of his stock to the defendant. If the writing relied on by the plaintiff is a contract at all it is nothing more than a simple contract importing no consideration. The denial of defendant's motion to dismiss at the close of plaintiff's testimony was error, for the reasons above stated, and for other reasons as follows: 1. Because it appeared that Demple was not acting for himself, but as agent for another, a fact known to the plaintiff at the time. 2. Because of the variance between the so-called written contract and the testimony of the plaintiff as to the consideration for the sale of his stock to the defendant. 3. Because the suit is not against the company, and no recovery is sought upon any claim against the company assumed by defendant; whether or not the plaintiff is a creditor of the company or could sue and recover from it is not the question here, because the note was not an obligation of the company, but in order to make it appear to be a company obligation the plaintiff alleged that the company agreed to pay it. 4. Because the plaintiff owned one-half of the stock of the company and the money was borrowed for his benefit as much as for that of the company. The defendant should have been permitted under the denial in his answer to show a different consideration from that alleged in the petition, or that there was no consideration at all. (4 Ency. Pl. & Pr. 928, 930, 946; 1 Andrews' Am. L. (2nd Ed.) 718-719, and cases cited.) Any evidence was admissible that would show an absence of consideration. (3 Ency. Ev. 373, 384, 388; Culver v. Bank, 78 Ill. 625; Peabody v. Dewey, 153 Ill. 657; Julliard v. Chaffee, 92 N. Y. 529.) The effect

of the evidence offered by defendant was not to vary the writing but merely to vary its construction and to ascertain the true meaning and intention of the parties. (Cain v. Hagenbaith, 106 Pac. 945; Gardiner v. Corson, 15 Mass. 500; 1 Andrews' Am. L., 743.) There is only one party to the contract and therefore it is not a contract at all. It can be considered only as a naked promise to answer for the debt of another. It fixes no time for the performance of anything. It appears to be indeed a bill of sale from Carroll to Demple with a clause that the vendee is to assume &c., and it is then signed by Demple. Considered as a bill of sale, if there had been verbal reservations, oral evidence thereof would be admissible. (Hecht v. Johnson, 3 Wyo. 277.) The evidence of the defendant which was stricken out shows that in the negotiations between the parties the only "obligations" mentioned or discussed were direct obligations of the company, and, therefore, the natural conclusion of Demple would be that his assumption was merely to relieve Carroll of any company obligations, and that the word "obligations" had no reference to the individual notes of Carroll, though executed for or on behalf of the company. The oral evidence was admissible. (Lattimer v. Buxton, 40 N. Y. Supp. 1033; 9 Ency. Ev. 418; 1 Elliott on Ev., 579-582.) It was admissible to explain this contract which is clearly ambiguous and uncertain. (Julian v. Oil Co., 109 Pac. 969, 111 Pac. 445; Manvell v. Weaver, 102 Pac. 36; Whipple v. Lee, 108 Pac. 601; Phoenix .P. Co. v. Humphrey-Ball Co., 108 Pac. 952.)

This note was signed by another party as well as the plaintiff. It is elementary that where a joint note is declared on the declaration will not be sustained by proof of an individual note. The defendant was entitled to a new trial on the ground of newly discovered evidence. The new evidence shown by the affidavit in support of the motion would establish a clear case of fraud on the part of the plaintiff, for it would show that the note was not an obligation of the corporation.

*H. W. Nichols,* for defendant in error.

Under the pleadings and the evidence no valid defense to the action was shown. The meaning of the contract is clear. It was sought by the defendant by the introduction of evidence which was finally stricken out to vary the terms of the contract. The evidence was clearly inadmissible. (George v. Emery, 18 Wyo. 352; Grieve v. Grieve, 15 Wyo. 358; Stickney v. Hughes, 13 Wyo. 257.) The plain intent of the contract is that Demple agreed to assume all the personal obligations or debts that Carroll had incurred in behalf of the company. And the petition alleged that the amount sued for was an indebtedness of the plaintiff incurred in behalf of the company. The note given by him was merely an evidence of the debt, and it is immaterial whether that note was itself an obligation of the company or not. It is also immaterial that the plaintiff was not the only person who had signed the note. He was called upon to pay it and he did pay it. It was his note and it was clearly admissible to show in connection with other evidence that it was a debt incurred by him. Demple did not sign the contract as an agent, but as acting for himself. If he was in fact acting for another person, he is liable since the principal was not disclosed. However, the evidence shows that Demple was acting for himself in making the purchase and contract. There was no proper showing in the motion for new trial to entitle the defendant to a new trial on the ground of newly discovered evidence.

BEARD, JUSTICE.

The defendant in error, George G. Carroll, brought this action in the District Court of Sheridan County, against the plaintiff in error, Peter Demple, to recover the sum of one thousand dollars and interest alleged to be due on a certain written agreement. The case was tried to the court without a jury, and judgment rendered against the defendant below (Demple), and he brings error.

The plaintiff, Carroll, alleged in his petition, in substance, that prior to May 16, 1911, he was the owner of a large

interest in, and a large part of the capital stock of the Sheridan Manufacturing Company, a Wyoming corporation, engaged in the business of purchasing wheat from farmers and others and manufacturing it into flour; that on said date he sold his interest and stock in said company to the defendant, Demple, for the consideration of $1,000 cash and the assumption by the defendant of all the obligations incurred by plaintiff for and on behalf of said company, and as evidence of such sale and agreement the defendant executed the following written contract.

"This 16th day of May, 1911, know all men by these presence, that said G. G. Carroll has this day sold unto Peter Demple his right, title and interest in the Sheridan Manufacturing Company for the sum of (one thousand dollars) $1,000.00 cash. Said Peter Demple agrees to assume all of said G. G. Carroll obligations of the Sheridan Mfg. Co.                (Signed)    "PETER DEMPLE."

That one of the obligations incurred by the plaintiff for and in behalf of said company and which was unpaid and owing at the time said contract was made was the sum of $1,000, and interest which had been advanced by plaintiff for said company about December 7, 1908, in payment for wheat sold and delivered to said company by W. S. Metz; which sum the plaintiff borrowed from the First National Bank of Sheridan on his personal note. That defendant had failed and refused to pay said note in accordance with his contract, and that plaintiff was compelled to and did pay said note. Alleged the payment of the $1,000 cash.

The defendant in his answer admitted the purchase of the interest and shares of stock in the company; that he paid plaintiff $1,000, as part of the consideration therefor; and that he signed the instrument set out in the petition. Alleged "that at the time of making the contract and agreement set out in paragraph one of said petition and the purchase by defendant from plaintiff, plaintiff's interest and stock in said Sheridan Manufacturing Company it was fully agreed, understood and intended by the plaintiff and

defendant, that, as part of the consideration for such sale,
the defendant was to assume and pay certain debts and obli-
gations of plaintiff and the said Sheridan Manufacturing
Company, which were at said time specified and agreed
upon by the parties, which said specified debts and obliga-
tions are as follows, to-wit: one note given to Citizens State
Bank of Sheridan, Wyo., in the amount of $1,200.00; one
note given to the Bank of Commerce of Sheridan, Wyoming,
in the amount of $1,400.00; and small quantities of flour
due various persons who had furnished wheat to said Sheri-
dan Manufacturing Company's mill and were to receive
flour in return therefor. That by said agreement in said
petition set forth it was agreed, understood and intended
by the parties thereto, the plaintiff and defendant herein.
that the above debts and obligations were the only debts
and obligations to be assumed by said defendant; that the
defendant did not at the time of signing said agreement
know of the existence of the obligation of plaintiff to the
First National Bank of Sheridan, Wyoming, mentioned in
said petition, and that defendant did not at said time, or
at any time, agree with plaintiff that he, the said defendant,
would pay or assume the payment of the said obligation
of plaintiff to said First National Bank; that it was fully
understood, agreed and intended by the parties to this suit
that the full and complete consideration for the sale of
plaintiff's interest and stock in the said Sheridan Manu-
facturing Company was the sum of $1,000.00 and the
assumption of the specified debts and obligations herein-
above set forth." The other allegations of the petition
were denied. A reply was filed denying the new matters
set up in the answer.

We have set out at length the allegations of the answer
containing what the defendant sought to prove by way of
an affirmative defense to the action, in order that the rul-
ings and decision of the court may clearly appear. We
think it clearly appears by the answer and the defendant's
evidence that the obligation sued upon was one of the class

or character of debts and obligations a part of which defendant admits he was to assume and pay as a part of the consideration for the transaction. The answer contains no allegations of any false or fraudulent representations with respect to, or fraudulent concealment of the debts or obligations to be assumed by the defendant, made by the plaintiff to induce, or which did induce the defendant to sign the agreement which he admits in his testimony he read before he signed it. The defendant sought to prove by parol testimony that the contract was different from that contained in the writing. This the court refused to permit, and rightly so under the pleadings. No rule of law is better settled than the one which excludes, as incompetent, parol testimony to vary the terms of a written instrument, or to prove a parol contemporaneous agreement at variance from the writing, in the absence of any allegation of fraud, accident or mistake. On the trial and while the defendant was introducing his evidence, he asked leave to amend his answer and be permitted to plead that defendant's signature to the agreement was procured by fraud, deceipt, and false representations made by plaintiff. The court refused to permit the amendment to be made, but stated, in substance, that he would permit the defendant, subject to the objection of plaintiff, to introduce his evidence on that matter. We think there was no abuse of discretion on the part of the court in refusing leave to so amend the answer at that stage of the case. To have done so would have introduced a new and important element of defense not pleaded in the answer upon which the case went to trial, and a defense which the defendant must necessarily have known to exist, if it did exist, at the time he filed his answer; and no showing was made excusing the failure or neglect to so plead in the original answer, or that the amendatory facts were unknown to the defendant prior to the application. The statute, Sec. 4437, Comp. Stat. 1910, provides, "The party applying to amend during the trial shall be required to show that the amendatory facts were unknown to him prior to

the application, unless in its discretion the court shall re-
lieve him from so doing." Aside from the statute the rule
is quite uniform that it is not an abuse of discretion for
the court to refuse to allow an amendment on the trial
which materially changes the cause of action or defense.
(Gale, Adm'r. v. Foss, 47 Mo. 276; Wixon v. Devine, 91
Cal. 477, 27 Pac. 777; Pierce v. Bruman, 88 Minn. 50, 92
.N. W. 507; Moyers v. Fogarty, 140 Ia. 701, 119 N. W.
159; Barrett v. Kansas & T. Coal Co., 70 Kan. 649, 79
Pac. 150; Phenix Ins. Co. v. Stocks et al., 149 Ill. 319, 36
N. E. 408; Deline v. Ins. Co., 70 Mich. 435, 38 N. W. 298.)

While the court refused to allow the defendant to amend
his answer, he did permit him to introduce his evidence tend-
ing to prove fraud and misrepresentations on the part of
the plaintiff as to the indebtedness of the company, and
tending to prove that he was only to assume certain speci-
fied debts. But on those matters the evidence was conflict-
ing and to our minds was insufficient to sustain the charge
of fraud or misrepresentations had the amendment been
allowed. At the close of the evidence the court, on motion
of plaintiff, excluded all testimony offered by defendant at-
tempting to alter or vary the terms of the written agree-
ment. In this there was no error. Under the pleadings
such testimony was clearly inadmissible. Many rulings of
the court sustaining objections to testimony are assigned as
error in the motion for a new trial, but as they related to
the testimony offered to vary the terms of the writing need
not be considered separately. It is also assigned as error
that the court excluded the testimony of one Whitney, a
witness for defendant. Counsel are mistaken in this. The
record shows that but one question asked this witness was
objected to by counsel for plaintiff and that objection was
overruled, and at the end of his examination in chief coun-
sel for plaintiff moved to strike out all of his testimony as
incompetent, irrelevant and immaterial, which motion was
denied. It is also made a ground in the motion for a new ·
trial, that defendant was surprised that this witness did not

testify to certain matters which it is stated in the affidavit
in support of the motion he had said he would testify to;
but he was not interrogated as to those matters, and it can-
not be assumed that he would not have so testified had. he
been examined as to them.   A new trial is also urged for
the reason that one Traphagen, a witness for defendant,
and who had been summoned, did not appear at the trial
on account of a death in his family.  But no continuance of
the case or postponement of the trial was asked for that
reason and in those circumstances it was too late to com-
plain after judgment.   Another ground of. the motion for
a new trial is alleged newly discovered evidence.   This new
evidence consists of the testimony of persons who were
interested in the company before, at the time of, and sub-
sequent to the transaction and what could be shown by the
books of the company.   Some of this evidence would be
inadmissible under the pleadings and much of it merely
cumulative.   In preparing his case for trial it was the duty
of defendant to make inquiry of those persons whom he
knew would be most likely to know the facts necessary to
establish his defense.   It does not appear that these persons
were consulted about the matter, or the books of the com-
pany examined before the trial, nor is any reason for the
failure to do so stated, or that any effort was made to pro-
duce such evidence on the trial.   A party cannot neglect to
exercise such reasonable diligence in the preparation of his
case as the circumstances would reasonably suggest and as
will enable his attorneys to take the necessary steps to pro-
cure the evidence, go to trial without it, and when defeated
be entitled to a new trial for the lack of evidence which
could have been produced had proper diligence been exer-
cised.

It is further contended that the court erred in permitting
the plaintiff to introduce any evidence for the reason that
the petition did not state facts sufficient to constitute a
cause of action.   With that contention we do not agree.
The substance of the petition is set out at the beginning of

this opinion and we think it unnecessary to discuss that question more at length. We think the case was fairly tried upon the issues presented by the pleadings, and a correct judgment entered on the evidence.

Finding no prejudicial error in the record the judgment is affirmed.                    *Affirmed.*

Scott, C. J., and Potter, J., concur.

### ON PETITION FOR REHEARING.

Beard, Justice.

Plaintiff in error has filed a petition for a rehearing in which it is claimed we did not give proper consideration to the alleged errors assigned in the motion for a new trial. The main contention now is that we did not consider the objection that the judgment was excessive and should have been for only $500, if for any amount, for the reason that Carroll was the owner of one-half of the capital stock of the Sheridan Manufacturing Co. The claim of plaintiff below, as we understand the pleading, was that the company was indebted to Metz in the sum of $1,000, and not having the money to pay Metz, Carroll advanced it for the company; that the company failed to repay him and still owed him that amount when Demple executed the instrument sued on. It was the company (a corporation) which was his debtor and not the stockholders, and the fact that he was a stockholder did not make the company any less the debtor and him its creditor than if he had been an outside party. It was the debt of the company to him that Demple assumed. The fact that he borrowed the money and when he renewed the note another stockholder became surety on the note did not change his liability, or the company's obligation to him; and the evidence sufficiently shows that he paid the full amount. The amount of the company's indebtedness to him at the time of the transaction with Demple and at the time of the trial was $1,000, which Demple had assumed. The judgment therefore was not excessive.

In the brief in support of the petition for rehearing it is stated, "Although the contract set out in the petition signed by Demple appears to be the transaction of Demple, it is disclosed from the testimony of Demple that he was acting as agent for another person in the purchase, and from the testimony of the plaintiff, Carroll, it also appears that he was aware of that fact, and from the testimony of both, it is disclosed that Demple was not the real party in interest." On that question it is sufficient to say, that no such issue was presented by the pleadings; and we have again carefully reread the entire testimony of Demple and no such condition is even suggested. He repeatedly stated that he made the contract, and in answer to the following question propounded by his own counsel, "Did you examine the books since?" answer, "No, because I sold out that stock again right the day after that you know. I am not interested in the mill at all." His own testimony would have effectually disposed of any question of agency had such an issue been presented by the pleadings. Not only so, but in the first paragraph of the answer it is admitted "that defendant, on or about the 16th day of May, 1911, purchased from plaintiff plaintiff's interest and shares of stock in the Sheridan Manufacturing Company."

Other questions with reference to the alleged newly discovered evidence, the exclusion of certain testimony, and the refusal of the court to permit the defendant to amend his answer during the trial, have been argued in the brief on petition for rehearing. They were considered and decided in the opinion (133 Pac. 137), and on a re-examination of the record the views expressed in the opinion are adhered to. As was there said, we think the case was fairly tried upon the issues presented by the pleadings, and the judgment sufficiently supported by the evidence. A rehearing will therefore be denied.          *Rehearing denied.*

SCOTT, C. J., and POTTER, J., concur.