GEORGE STIGLER *v.* CHARLES O. JAAP ET AL.

CONTRACTS. *Parol sale of land. Option. Consideration.*

>The advance of a part of the consideration of a parol sale of land does not support a subsequent option in writing between the parties expressing a different consideration which was never paid.

FROM the chancery court of Holmes county.

HON. A. M. BYRD, Chancellor.

Stigler, appellant, was complainant, and Jaap and others, appellees, defendants, in the court below.

In January, 1900, C. O. Jaap borrowed $2,000 from Mrs. T. W. Stigler through her husband and agent, G. W. Stigler, and gave a deed of trust on some lots in the town of Lexington, Miss., to secure same. By the terms of the deed of trust Jaap agreed to give Mrs. T. W. Stigler "the refusal of the purchase" of the lots in case he desired to sell. Jaap afterwards expressed a desire to sell the lots, and informed G. W. Stigler that he had been offered $1,100 for them, and said Stigler agreed to give him that much for them, and upon Jaap's request agreed to give him a suit of clothes in addition, and Jaap consented to make G. W. Stigler a deed. This was on December 12, 1900. Jaap declined to execute the deed that day, but executed the following option or agreement: "In consideration of $10, cash paid, I hereby agree to and do hereby obligate and bind myself to give G. W.

Stigler an option or the preference of purchasing from me at the sum of $1,100 all the real property in Lexington, Miss., bought by me from R. H. and M. P. Love, either or both of them, and on his demand will execute proper deed to said lots on January 1, 1901." This instrument was signed and acknowledged by Jaap and delivered to Stigler, who had it filed for record. Jaap afterwards got the suit of clothes. The $10 mentioned in the agreement was never paid to Jaap. G. W. Stigler made repeated efforts to get Jaap to execute the deed, but he would not do so, and on January 4, 1901, Stigler and wife filed their bill in this case against Jaap, praying that he be compelled to specifically perform the agreement, and tendering full performance of their agreements. Jaap sold the lots to Pickens, Barrett & Co., and on their petition they were made parties defendant to the bill. On the final hearing the bill of complaint was dsmissed, and from that decree this appeal was prosecuted.

*Noel, Pepper & Elmore,* for appellants.

Under the terms of the deed of trust to T. W. Stigler, and as a part of the consideration of the advance secured thereby, T. W. Stigler had the right to have "the refusal of the purchase" of the lots in case Jaap desired to sell. This provision, according to the testimony of G. W. Stigler, undenied by Jaap, was understood by both to mean that in case Jaap desired to sell he should ascertain the best price he could get and that Stigler should give him as much. Clark on Contracts, 589; *Ramsey* v. *Brown,* 77 Miss., 124; *Tracy* v. *Albany Exchange,* 57 Am. Dec., 538.

Admitting, for the sake of argument, that the "option" is without consideration, upon elementary principles, it was a written, continuing offer. Clark on Contracts, 168, 169; *Id.* v. *Leiser,* 24 Am. Rep. 1; *Coleman* v. *Applegartin,* 6 Am. St. Rep., 417.

In this view it was without doubt subject to recall. However, it is not even claimed that Jaap revoked the offer. On the con-

trary, immediate acceptance by Stigler, especially its renewal at Willis & Company's store, and Jaap's reiterated expression of his intention to return and execute the deed, at least some time the next week, if not on the next Wednesday, are clear of all debatable territory. There was a meeting of minds on every point.

Stigler had agreed to get the suit of clothes, told Jaap where to get them, Jaap had agreed to go there after them, and the contractual relation had been firmly entered into. Stigler's agreement to accept the conveyance of the property in part payment of the debt was binding on him and his principal, T. W. Stigler. There was an offer by Stigler to perform his part in the way of buying the suit of clothes, and the only thing remaining was the execution of the deed. The statute of frauds not having been pleaded in reference to Stigler's acceptance is waived. Clark on Contracts, 135; but it was not necessary that the acceptance be in writing. 1 Reed on Statute of Frauds, sec. 391; *Ib.*, p. 663; *Lee* v. *Cherry*, 85 Tenn., 707; *Atlee* v. *Bartholomew*, 69 Wis., 43.

Appellants contend that the "option" was not without consideration.

Jaap insisted on the suit of clothes being given him, and Stigler told him where to get it, and told the clerk to let him have it when he called for it, Jaap agreeing to call for it and afterwards getting it. This shows that the offer contained in the option was accepted immediately upon the execution of the option, and that Stigler offered to perform that part of his undertaking.

The recital of the $10 cash paid gives rise to the presumption that although that amount may not have been paid at the time, it was agreed to be paid. There is no evidence controverting the presumption that there was such an agreement except the evidence relating to the suit of clothes.

Jaap is estopped to deny the receipt of the consideration for the purpose of invalidating this contract. *McPherson* v. *Fargo*, 66 Am. St. Rep., 723, suit for specific performance of contract

to sell land. *Kendrick* v. *Ins. Co.*, 70 Am. St. Rep., 592; *Farnum* v. *Ins. Co.*, 17 Am. St. Rep., 240; Note to *Jackson* v. *Cleveland*, 90 Am. Dec., 270, and list of authorities. *Fairley* v. *Fairley*, 34 Miss., 18; *Fairly* v. *Fairly*, 38 Miss., 280.

Stigler did not fail to do anything devolved upon him by his contract or by law, which was necessary to be done before he was entitled to complete performance by Jaap. Eaton on Equity, 549, 551; *Cheney* v. *Libbey*, 134 U. S. Rep., 68; 2 Beach Mod. Eq. Jur., 660; Eaton on Equity, 528, and note.

The Pickens-Barrett Company was not a *bona fide* purchaser for value without notice, for they had notice of such facts as put them on inquiry as to the equities existing between Jaap and Stigler.

*Tackett & Smith,* for appellees.

A contract for an option must be supported by a valuable consideration. *Kolb* v. *Bennett*, 74 Miss., 570; 21 Am. & Eng. Enc. Law (2d ed.), 926, and authorities there cited.

The acceptance of the option must be in accordance with the terms of the contract and all conditions precedent must be strictly performed; 21 Am. & Eng. Enc. Law (2d ed.), 930, and the legion of authorities there cited in notes 4 and 7; *Waul* v. *Kirkman*, 27 Miss.; 823.

Time is of the essence of a contract for an option. *Curtis* v. *Blair*, 26 Miss., 309; *Liddell* v. *Sims*, 9 Smed. & M., 609; 21 Am. & Eng. Enc. Law (2d ed.), 931, citing the following authorities in note 5: *Bayley* v. *Leominster*, 1 Ves. Jr., 476; *Ranelagh* v. *Melton*, 10 Jur. N. S., 1141, 2 Drew & Sm., 278; *Barrell* v. *Sabine*, 1 Vern., 266; *Brooke* v. *Garrard*, 2 De. G. & J., 66, and *Williams* v. *Williams*, 17 Beaver, 213, from the English decisions; and the following from the United States and state decisions: *Richardson* v. *Hardwicke*, 106 U. S., 252; *Waterman* v. *Banks*, 144 U. S., 394; *Vassault* v. *Edwards*, 43 Cal., 458; *Kemp* v. *Humphreys*, 13 Ill., 289; *Harding* v. *Gibbs*, 125 Ill., 85; *Stembridge* v. *Stembridge*, 87

Ky., 91; *Maggofin* v. *Holt,* 1 Duv. (Ky.), 95; *Carter* v. *Phillips,* 144, Mass., 100; *Mason* v. *Payne,* 47 Mo., 517; *Potts* v. *Wirehead,* 20 Ohio St., 334; *Weaver* v. *Burr,* 31 W. Va., 736; *Barrett* v. *McAllister,* 33 W. Va., 738; *Dyer* v. *Duffy,* 39 W. Va., 148; *Atlee* v. *Bartholomew,* 69 Wis., 43; *Cummings* v. *Lake Realty Co.,* 86 Wis., 382.

Also 7 Am. & Eng. Enc. Law (2d ed.), 133, citing in addition to some of the foregoing, *Carr* v. *Duvall,* 14 Peters, 77; *Maclay* v. *Harvey,* 90 Ill., 525; *Potts* v. *Whitehead,* 20 N. J. Eq., 55; *Union Nat. Bank* v. *Miller,* 106 N. Car., 347; *McMillan* v. *Philadelphia Co.,* 159 Pa. St., 142; *Lewis* v. *Browning,* 130 Mass., 173; *Cheney* v. *Cook,* 7 Wis., 413.

The option received by Stigler from Jaap recites that it was "in consideration of $10 cash in hand paid," but the evidence all shows that this was purely a formal recital, the $10 being neither paid nor agreed to be paid by Stigler. *Kolb* v. *Bennett Land Co.,* 74 Miss., 567; *Litz* v. *Goosling,* 21 L. R. A., 131; *Grybill* v. *Brugh,* 21 L. R. A., 133.

It is well settled that when the stipulation as to consideration becomes contractual, it, like any other written contract, is the exclusive evidence, and cannot be varied by parol. *Baum* v. *Lynn,* 72 Miss., 932; *Thompson* v. *Bryant,* 75 Miss., 12; 6 Am. & Eng. Enc. Law (2d ed.), 775.

But, if under the law appellant is permitted to show that payment was to be made by a credit on the note, then he "is hoisted on his own petard," for he has, since receiving the option, accepted the full amount due on the note, and the deed of trust securing same has been canceled. Admitting for the sake of argument that the payment was to be so made, appellant, by accepting payment in full of the note, rendered it impossible for that part of the contract to be performed; and if the option could only be continued in force by entering into a new agreement relative to the mode of payment. This, under the statute of frauds, could only be done by means of a written

---

Opinion of the court.

---

instrument. *Waul* v. *Kirkman,* 27 Miss., 823, and no such agreement is attempted to be shown even by parol.

Argued orally by *E. F. Noel,* for appellant, and *S. M. Smith,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The suit of clothes formed no part of the consideration for the option. It was part of the purchase price of the lots, as shown by Stigler's own testimony to the interrogatory 2, on page 46 of the record. This is Jaap's testimony also, shown by his answer to interrogatory 21, on page 121 of the record. Since both Stigler and Jaap say that the suit of clothes was part of the purchase price of the lots, and no part of the consideration for the option, and since the $10 recited in the option as the only consideration were not paid, it is perfectly clear that the contract for the option was based upon no consideration, and was hence not binding. And this disposes of the case under the authority of *Kolb* v. *Bennett Land Co.,* 74 Miss., 570, 21 South., 233.

*Affirmed.*