[Civ. No. 1848.    First Appellate District.—November 16, 1916.]

LOUIS HANKE, Respondent, v. JOE MARTIN, Appellant.

LEASE—INADMISSIBILITY OF ORAL EVIDENCE—RESERVATION OF RULING ON MOTION TO STRIKE OUT—LACK OF PREJUDICE.—Where in an action to recover a sum of money alleged to be due and unpaid under the terms of a written lease, the court reserved its ruling upon a motion to strike out certain evidence admitted over the plaintiff's objection of an alleged oral understanding made at the time of the execution of the lease that the rent was payable in advance, the defendant is not prejudiced by the failure of the court to thereafter make a direct ruling on the motion, where the lease was clear and explicit as to the term and rental, and the evidence therefore inadmissible as in contradiction of the terms of the written lease.

APPEAL from an order of the Superior Court of Fresno County denying a new trial.    H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

M. K. Harris, Thomas F. Lopez, and H. A. Savage, for Appellant.

Everts & Ewing, for Respondent.

RICHARDS, J.—This is an appeal from an order denying the defendant's motion for a new trial in an action brought to recover the sum of $1,310, alleged by plaintiff to be due and unpaid under the terms of a lease of certain premises. The record shows that upon the trial of the case the lease was introduced in evidence, from which it appeared that the defendant on June 4, 1912, leased two certain tracts of land, containing respectively 125 and 110 acres, from the plaintiff

for the term commencing, as to the 125 acres, on the date of the lease, and as to the 110-acre tract, on the thirty-first day of December, 1912, and ending as to both tracts on the twenty-first day of December, 1921, upon the following terms and conditions: "The second party shall pay to first party as rental for the above described premises $1,110 on the 31st day of December, 1912; $750 on the 30th day of June, 1913; $1,310 on the 31st day of December, 1913, and $1,310 on the 30th day of June and 31st day of December of each year thereafter during the life of this lease." The evidence further showed that the lease was canceled by the written agreement of the parties on June 30, 1914, but in which written agreement the plaintiff expressly reserved the right to insist upon the payment of the rent claimed by him to be due under said lease prior to the date of its cancellation. The undisputed proofs also showed that the defendant had paid to his lessor the sum of $1,110 on December 31, 1912; $750 on June 30, 1913; $1,310 on December 31, 1913, and no more; and that it was the payment of $1,310 claimed to be due on the 30th of June, 1914, according to the terms of the lease, for which this action was brought. The defendant, however, by his pleadings, and also by oral evidence offered at the trial, undertook to assert and prove that prior to and at the time of entering into said lease there was an oral understanding and agreement between the parties thereto that the rent which was reserved in the lease to be paid on December 31, 1912, and each six months thereafter, was to be a payment in advance from said first-named date, and that no rent was to be chargeable or paid for any portion of the year 1912, for the reason that the rent of the premises for the whole of the year had been already received by the owner from prior lessees. When evidence to this effect was presented by the defendant during the trial, the court at first admitted the evidence over the plaintiff's objection, but after its admission reserved its ruling upon a motion made by the plaintiff to strike out all of this evidence relating to such oral understanding upon the ground that it was in contradiction of the terms of the written lease. The court did not thereafter during the trial directly pass upon this matter, but rendered its findings and judgment adversely to the defendant and to his contention as to the existence of such oral understanding. The appellant here contends that the court committed rever-

sible error both by its failure to make a ruling upon the plaintiff's motion in respect to which its decision had been reserved, and also in making its findings and rendering its judgment contrary to the evidence.

While it is true, as the appellant contends, that the practice on the part of trial courts of reserving their rulings upon the admission, rejection, or retention of evidence is one which should be discouraged, and while it is also true that the failure of the trial court to decide a material question in respect to which it has reserved its ruling may, in certain cases, be reversible error, still we are of the opinion that in the case at bar the appellant has not been materially prejudiced by the failure of the trial court to make a direct ruling upon the plaintiff's motion in respect to which its ruling was reserved; and this for two reasons—the first of which is that the lease between the parties was clear and explicit as to the term and rental of the premises in question, and hence that the testimony as to the oral understanding between the parties was inadmissible in the first instance, as amounting to a variance of its terms; and for the further reason that the evidence which was actually before the court as to the existence of such oral agreement was conflicting, and the court, while not directly deciding the matter involved in its reserved ruling, in effect did so by its finding and judgment against the defendant's contention but in accord with the terms of the written lease.

For these reasons the order denying the defendant's motion for a new trial is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.