## KAY v. SPENCER
### (No. 1043; Decided March 27, 1923; 213 Pac. 571)

CONTRACTS—CONSIDERATION RECEIPTED BUT NOT PAID—PAROLE PROOFS AS TO CONSIDERATION—WAIVER OF CONSIDERATION—OPTION —REVOCATION OF OPTION BEFORE ACCEPTANCE.

1.  An agreement to execute a lease must be supported by a consideration.
2.  A statement in a written agreement to lease real estate, that it was made in consideration of $1.00 in hand paid, was a mere statement of fact which, if untrue, might be disproven by parole evidence.
3.  A memorandum made and signed by a land owner reciting that in consideration of the sum of $1.00 in hand paid, she agreed to lease described premises to another for a certain period and rate of rental, conditioned upon her gaining possession from a bankrupt then in possession of the

premises under an unexpired lease, was revocable by the maker at any time prior to its acceptance and the actual payment of the consideration.

APPEAL from the District Court, Big Horn County; HON. P. W. METZ, Judge.

Action by Apollos W. Kay against Grace A. Spencer and another for specific performance of an agreement to lease certain realty. There was judgment for defendants and plaintiff appeals.

*Brome & Hyde,* for appellant.

It was conceded at the trial that defendant Spencer signed the memorandum agreement to lease the premises to plaintiff; this agreement recited a consideration of $1.00 in hand paid. Granting that the consideration of $1.00 was not actually paid, by reason of her inability to make change, the law implies a binding promise on the part of plaintiff to pay her the sum of $1.00 which is a legal obligation enforcible at law. (Cummins v. Beaver, 103 Va. 230; Tucker v. Woods, 12th Johns, (N. Y.) 190; Simpson v. Saunders, 130 Ga. 265; Seyferth v. Groves & L. R. R. Co., 217 Ill. 483.)

*E. E. Lonabaugh, C. A. Zaring,* for respondent.

The action was for specific performance of an option agreement to lease premises; defendant's answer denied payment of a consideration therefor, alleged a revocation of the option and her inability to gain possession of the premises. The evidence upon the trial shows a failure of consideration; revocation of the option; inability to gain possession from a bankrupt firm holding under a former lease.

The authorities cited by appellant do not support his contention that, even though the consideration of $1.00 was not paid, the law implied a promise on the part of appellant to pay it, which promise was sufficient to support the agreement; none of appellant's authorities cover the question of an entire failure of consideration. In this case the option was without consideration; it was cancelled before its ac-

ceptance; the condition in the option as to the possibility of defendant gaining possession was never capable of being fulfilled and appellant's cause is without equity. The foregoing propositions were established by the evidence, and defeat the action (Frank v. Stratford, Handcock, 13 Wyo. 37; Dickinson v. Dodds, L. R. 2 Ch. Div. 463; Litz v. Goosling, 21 L. R. A. 127; Graybill v. Brugh, 21 L. R. A. 133; 1. Elliott, Contracts, 14.) Contracts of this class differ from contracts under seal or negotiable instruments in the hands of innocent holders, where a consideration is conclusively presumed; the option was revoked before acceptance; defendant was unable to gain possession of the premises which were held under a former lease; appellant is not entitled to specific performance (3 Elliott, Contracts, 2327), since he had not complied with his part of the contract (Frank v. Stratford, supra.)

KIMBALL, Justice.

Grace A. Spencer, one of the defendants, owning a lot improved by a building used in the retail mercantile business, in January, 1919, leased the property to the Pratt-Mann Company for the term of five years, the lease containing a stipulation that it should not be assigned without the written consent of the lessor. In November, 1919, the Pratt-Mann Company assigned the lease to the Onken Brothers Company, the other defendant, who did not take possession of the leased premises until some time later, as will presently be stated. In March or April, 1920, the Pratt-Mann Company was adjudged bankrupt, and on June 12, following, the premises, together with the bankrupt stock of merchandise contained in the building, were in possession of the trustee in bankruptcy. On that date Mrs. Spencer signed and gave the plaintiff the following instrument which describes the lot in question:

"Greybull, Wyoming,
June 12, 1920.

In consideration of the sum of $1.00 in hand paid I hereby agree to lease to A. W. Kay, for five years with the privilege of ten at a monthly rental of Two Hundred Dollars ($200.00) per month payable monthly in advance, the following described premises, to-wit: Lot Seven (7) in Block Four (4) in the original town of Greybull, Big Horn County, Wyoming, subject to the condition that possession of said premises can be obtained and the said possession delivered to the said A. W. Kay as soon as the same can be obtained, it being understood that the bankrupt firm of Pratt-Mann Company have an unexpired lease, and this option is given subject to any rights they may have.

Grace A. Spencer, Owner."

It was shown at the trial that the consideraiton of one dollar mentioned in this writing was not in fact paid, and the plaintiff did not claim that it was. The testimony of Mrs. Spencer, which may be accepted on this point, was to the effect that Kay produced a five or ten dollar bill and asked her if she had any change, and on her replying that she did not, he retained the money and took away the paper. There was no attempt on the part of the plaintiff to prove any other consideration, or that it was intended that he pay the dollar at a later date.

At this time Mrs. Spencer had not consented to the assignment of the lease by the Pratt-Mann Company to the Onken Brothers Company, and probably had no knowledge of it. Later, the latter company, intending to buy the bankrupt stock, and the trustee, desiring to make the sale, became anxious to have Mrs. Spencer accept this company as her tenant. Being importuned to that end, she seems to have become convinced that either the trustee or the Onken Brothers Company would resist any effort on her part to regain possession of the leased premises, and in August, 1920, being then unwilling to make a lease to the plaintiff and convinced that she was not bound to do so by the writing

of June 12, she informed him that she considered that writing null and void.

The sale of the bankrupt stock of merchandise by the trustee to Onken Brothers Company was consummated about September 18, 1920, and then or shortly thereafter the purchaser took possession of the leased premises with the consent of Mrs. Spencer. A few days later the plaintiff demanded of her a lease in accordance with the writing of June 12, which she refused to give, and tendered her the first month's rent which she declined to accept. Thereupon the plaintiff brought this suit for the specific performance of a claimed contract to lease and for damages caused by the delay. The judgment was for the defendants and the plaintiff appeals.

The most that is claimed for the writing of June 12 is that it gave the plaintiff an option to lease. It is conceded that it was at least an offer to lease. If there was a consideration for holding the offer open for a time, and the offer was accepted before the expriation of that time, there was then a contract to lease. If, on the other hand, the offer was without any consideration which bound the defendant to hold it open, it could be withdrawn by her by notice to the plaintiff at any time before it was accepted. (Weaver v. Burr, 31 W. Va. 736, 8 S. E. 743; Frank v. Stratford-Handcock, 13 Wyo. 37, 77 Pac. 134.) There are a few cases holding that a nominal consideration for the giving of an option will not prevent the withdrawal of the offer before acceptance. (Murphy v. Reid, 125 Ky. 585, 101 S. W. 964; Bryant Lumber Co. v. Wilson, 151 N. C. 154, 65 S. E. 932.) It is not necessary to decide that question at this time, and for the purposes of the case at hand we assume that the consideration of $1.00, if paid or promised, was sufficient to support the option contract.

The plainitff contends that the option was given for a consideration and therefore was a contract whereby Mrs. Spencer was bound to keep her offer open until the termination of the tenancy of the Pratt-Mann Company, and that by

his demand for a lease and tender of rent at that time the offer was accepted by him and a contract thus perfected by which Mrs. Spencer became bound to give him a lease according to the terms of the writing. The defendants contend that there was no consideration for the option and it was therefore merely a revocable offer, which was withdrawn before acceptance by notice from Mrs. Spencer to plaintiff that she was unwilling to contract with him and considered the option null and void.

The plaintiff's argument here is confined to the point raised by the conflict in these contentions with respect to the consideration. As it is admitted that the consideration acknowledged by the writing was not paid, and no other consideration is suggested by the evidence, it is clear that the option was a mere gratuitous promise or offer, unless the defendant is estopped to dispute the recitals of the writing with reference to the consideration, or those recitals can be construed as a promise to pay the one dollar mentioned. Any doubt with respect to the questions thus suggested may be resolved by the application of a few elementary principles which are nowhere better stated than by Professor Williston in his work on Contracts, where, after discussing the effect at common law of recitals of consideration in sealed instruments, it is said (Sec. 115b) :

"Where unsealed written contracts have not been given by statute the incidents of specialties, the mere fact that an agreement is in writing should not give to it any incident which at common law was peculiar to sealed writings. It has sometimes been too hastily supposed even where written contracts have not been given immunity from the requirement of consideration that a recital of the receipt of a specified consideration precludes the parties from disputing the validity of the instrument for lack of consideration. With such documents, however, it is only the parol evidence rule which need be considered. Beyond the limits of that rule there is no principle of estoppel by writing. The parol evidence rule forbids any attempt to prove that the promises

stated in a writing do not accurately represent the agreement of the parties; but it should be observed and insisted upon that the parol evidence rule has no application to recitals of fact. If it had, a recital of consideration could not be shown to be inaccurate in any particular, or, for any purpose, any more than a promise can be. It follows, therefore, that the only case where the parol evidence rule is applicable to a recital of consideration is where the consideration recited is itself a promise. That is, where the contract purports to be bilateral the parol evidence rule clearly forbids either party to a writing, though unsealed, to show that his own promise or that of his co-contractor was not accurately stated or was not given, as the writing states, in consideration of the other promise. This is the only estoppel by writing. It should, however, be observed that frequently when consideration is recited in a written contract as having been given, it will be true that though the consideration was not given the parties in fact agreed that the consideration recited should be given as such. This intention on any theory may be shown, since the evidence supports the instrument though varying a recital. But the recital of the receipt of a fictitious consideration is also common in written agreements, where in fact there was no consideration, and no intention to give any. Where, for instance, a consideration of one dollar is recited as having been paid in return for a stated promise, the parties ordinarily have not actually bargained for any such exchange, and if the truth cannot be shown, a promise will be enforced which in fact has no valid consideration. It would be destructive of the doctrine of consideration to hold that an admission of consideration in an unsealed writing estopped the promisor in favor of the promisee, who of course knows the actual facts, from showing that no consideration existed. If merely saying in writing that a specified fictitious consideration has been received is enough to make a promise binding, a new and hitherto unacknowledged kind of formal obligation has been created. Clear as this is on principle, a doubt has been cast upon it by

a remark made by Story, J., of the United States Supreme Court, and by decisions which have followed his statement. (Lawrence v. McCalmot, 2 How. 426, 452.)   He said: 'The guarantor acknowledged the receipt of the one dollar, and is now estopped to deny it. If she has not received it, she would now be entitled to recover it.'   And this remark has been quoted in a later decision of the same court (Davis v. Wells, 104 U. S. 159, 167) and has served as the basis for other decisions or statements to the same effect.   The error in Judge Story's statement, for error it must be considered, is not that it directly denies any principles of law, but by a fictitious construction assumes to treat an acknowledgment of the receipt of one dollar by way of consideration if not true literally, because no money was received, as amounting to a promise to give a dollar.   Having thus fictitiously treated an admission of an alleged fact as a promise to make it true, the parol evidence rule becomes applicable to the case.   If this were sound the same principle might be applied to every written receipt.   *   *   *   The policy of the law requires consideration, and no agreement of the parties to forego the requirement can take its place.   It will be observed that the so-called estoppel amounts at most to an agreement to forego consideration.   Both parties know the facts.   There is no reliance on a misstatement.   Where the parties state a promise as consideration, as has been seen, the parol evidence rule fastens that agreement upon them irrespective of their actual intention or oral agreement.   But the recital of an alleged past fact which both parties know to be untrue will not deceive the court, and should not operate as a promise when the parties have manifested no intent to promise.''

It would seem that this leaves little to be said.   As stated in the quotation, a party to a written contract will not be permitted to introduce evidence to dispute its recitals with reference to the consideration for the purpose of showing that the parties did not make the promises embodied in the writing.   And there are many cases easily supposed where

such evidence, though it does not tend to change the written promises of the parties, would not at all affect the validity of the contract which, notwithstanding the inaccuracy or falsity of those recitals, might still be supported by some consideration other than that stated in it.

We have no such case here. The acknowledgment of the receipt of one dollar, a mere statement of fact, known by both parties to be untrue, gained no sanctity by reason of being stated in writing, and could be disproved. (Crandall v. Willig, 166 Ill. 233; Corbett v. Cronkhite, 239 Ill. 9; Stidger v. Jaap, 83 Miss. 351, 35 So. 948; Luke v. Livingston, 9 Ga. App. 116, 70 S. E. 596; Von Knuth v. Ryan, (Neb.) 186 N. W. 81; Stewart v. Chicago etc. R. Co., 141 Ind. 55, 40 N. E. 67; Brewing Co. v. Behn, 130 Mich. 649, 90 N. W. 676.) Also, Jones v. Barnes, 94 N. Y. S. 695, where, however, it was held that the evidence proved payment.

It having been proved and admitted that the consideration stated was not paid, it is further admitted that there was no consideration whatever for the option, unless we may imply a promise by plaintiff to pay the one dollar. This we think we cannot do. The option is not signed by plaintiff, and on its face purports to state a unilateral contract as it would have been if the consideration had been paid. To convert this into a bilateral contract whereby the plaintiff promised to pay a dollar in consideration of defendant's promise to hold her offer open we think we should have some evidence that that was intended by the parties. The evidence, so far from establishing any such intention, shows that after plaintiff failed to pay the dollar on receipt of the option he neither promised nor intended to pay it, and Mrs. Spencer never expected to receive it.

We have examined the authorities cited by counsel for appellant, and find nothing therein to support his contentions, unless it be the case of Seyferth v. Groves, etc., R. Co., 217 Ill. 483, 75 N. E. 522, in which it seems to be conceded that a consideration is required to support a contract.

of this kind, and yet it is held that it may be waived.  It would seem that a criticism of this case in a note to Williston on Contracts, Sec. 115b, supra, is just, and that, as there stated:

"To admit that consideration may be waived is to say that the rule of law requiring consideration can be changed if the parties object to it."

It follows from what we have said that we consider the writing of June 12 a revocable offer which, being withdrawn, could not thereafter be accepted; therefore, there was no contract to lease, and the judgment for defendants will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.