# CARY v. MANFULL
(No. 1621; April 29, 1930; 287 Pac. 433)

For the appellant there was a brief by *J. R. Sullivan,* of Laramie, Wyoming.

For the respondent there was a brief and an oral argument by *F. E. Anderson,* of Laramie.

RINER, Justice.

Replevin proceedings in the Justice Court, to recover some articles of furniture, were instituted by Mrs. J. A. Cary, plaintiff and respondent, against Gardner Manfull, defendant and appellant, each party claiming ownership of the property involved. The defendant having in that trial succeeded, the case was appealed by the plaintiff to the District Court of Albany County, where it was tried *de novo* before the court without a jury. Judgment being given in favor of the plaintiff, the adverse party has brought the record here by direct appeal for review.

The controversy grew out of a transaction whereby the plaintiff sold a house and lot in the city of Laramie to the defendant. The arrangement between the parties provided for deferred payments on account of the purchase price and so a written contract of sale was drawn up and signed by them. By this instrument the plaintiff agreed to sell

and convey to the defendant the property aforesaid, the legal description thereof being specifically set out, and the defendant agreed to buy it for a certain sum of money, which, as already indicated, was to be paid in instalments, whose amount and date of payment were definitely fixed. Other appropriate covenants and agreements were embodied in the written contract carrying into effect the intention of the parties, including the delivery of the deed when all the purchase price of the property should have been paid. Nothing was said in the written contract concerning the furniture in dispute.

During the course of the trial in the District Court, the defendant and his wife testified that prior to the making of the written contract above described, that plaintiff agreed, for the consideration to be paid for the real estate in that agreement mentioned, that defendant should also become the owner of the furniture in controversy, which was at that time in the house—in the language of the parties themselves that the ''furniture'' originally owned by Mrs. Cary ''went with the house.'' This oral testimony was received by the court over the plaintiff's objection that it varied and contradicted the terms of the written contract subsequently executed by the parties. The ruling on the objection was reserved by the court and plaintiff's testimony also was taken concerning the matter to the effect that no such oral agreement was made. Upon the conclusion of the trial, the objection thus interposed was sustained by the judge, a general finding in favor of the plaintiff made, except as to certain articles of furniture proven to have not been her property, and judgment was entered accordingly.

It is urged on behalf of the defendant and appellant that the trial court erred in sustaining this objection made to the testimony and that the parol evidence rule has no application here. This is really the only question of consequence discussed by counsel in their respective briefs or at the argument. Amplifying appellant's contention, it is

said that the asserted oral agreement that the furniture in controversy should pass with the house and lot is entirely collateral to the written contract and relates to a subject distinct from that to which the written contract applies and upon which the written contract is silent. But it would seem that this suggestion overlooks the fact that the consideration for appellant's promise to pay a specified sum of money for the house and lot owned by Mrs. Cary was the latter's promise to convey the same to appellant. The claimed oral agreement would clearly enlarge Mrs. Cary's obligation, as recited in the written agreement of the parties, while appellant's obligation would remain unchanged. In other words, it would vary the contractual consideration for appellant's promise. Can this be done, no fraud, mistake or other like element entering into the matter? We are inclined to think not.

As said in Demple v. Carroll, 21 Wyo. 447, 133 Pac. 137, 139, 135 Pac. 117:

"No rule of law is better settled than the one which excludes, as incompetent, parol testimony to vary the terms of a written instrument, or to prove a parol contemporaneous agreement at variance from the writing, in the absence of any allegation of fraud, accident or mistake."

Quoting with approval from the author of Williston on Contracts, Sec. 115b, in Kay v. Spencer, 29 Wyo. 382, 213 Pac. 571, 573, 27 A. L. R. 1122, this court used the following language, in part:

"It follows, therefore, that the only case where the parol evidence rule is applicable to a recital of consideration is where the consideration recited is itself a promise. * * * Where the parties state a promise as consideration, as has been seen, the parol evidence rule fastens that agreement upon them irrespective of their actual intention or oral agreement. But the recital of an alleged past fact which both parties know to be untrue will not deceive

the court, and should not operate as a promise when the parties have manifested no intent to promise."

The text of 22 C. J. 1171-2, dealing with the same subject, citing a voluminous list of cases, is as follows:

"Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of payment of a money consideration, and is of a contractual nature, as where the consideration consists of a specific and direct promise by one of the parties to do certain things, this part of the contract can no more be changed or modified by parol or extrinsic evidence than any other part, for a party has the right to make the consideration of his agreement of the essence of the contract, and when this is done the provision as to the consideration for the contract must stand upon the same plane as the other provisions of the contract with reference to conclusiveness and immunity from attack by parol or extrinsic evidence."

Professor Wigmore, 5 Wigmore on Evidence (2d Ed.) pages 314-5, concerning this matter says:

"In general, then, it may be said that a recital of consideration received is, like other admissions, disputable so far as concerns the thing actually received; but that, so far as the terms of a contractual act are involved, the writing must control, whether it uses the term 'consideration' or not."

Listing many authorities in support of the text, 4 Jones Commentaries on Evidence (2d Ed.) 2854-5, declares that:

"It is a well settled general rule that a mere recital of consideration in a writing is open to explanation by extrinsic evidence. But if the consideration stated appears as a clear and unambiguous statement of part of the agreement, representing an actual contractual term and something more than a mere formal requisite, such a term of the contract must be regarded in the same light as any other material term of the contract and extrinsic evidence to vary or contradict it is inadmissible. Moreover a party

cannot, under the guise of varying the consideration, ingraft new terms and covenants upon the writing by extrinsic evidence.''

Recurring again to the decisions in our own state, we find in Stickney v. Hughes, 12 Wyo. 397, 75 Pac. 945, 948, Mr. Justice Potter said:

''While, as a general rule, it is competent to show by parol the consideration of a contract, especially where it is not specifically set forth in the contract; and that a stated consideration, even, may, under some circumstances, be shown to be something different, it is not, as said in a Massachusetts case, admissible for a party, 'under the guise of showing what the consideration is, to prove an oral agreement, either antecedent to or contemporaneous with the deed, which will cut down or vary the stipulations of his written covenant.' (Simanovich v. Wood, 145 Mass. 180; see also Diven v. Johnson, 117 Ind. 512, 3 L. R. A. 308.) We are now referring to cases where no fraud or mistake is shown, nor any other element of a similar nature.''

The case of Diven v. Johnson, referred to in the quotation just preceding, was one where it was claimed that a parol agreement had been made as an independent contract which constituted the basis of and consideration for the written contract—in this instance a lease of certain real property—on which the adverse party relied, and did not purport to vary or change it. Holding adversely to this contention, the reviewing court remarked:

''The principle enunciated by the authorities from which we have quoted is decisive of this case. The contract in this case appears to be complete within itself. No suggestion arises out of it that it is dependent upon or collateral to any other contract or agreement either oral or written. It is on the one hand a lease by appellants to the appellee of the real estate described in the lease; and as a consideration for such lease and use of the land the appellee agrees to do and perform certain things and to deliver to appellants a stipulated share of the crops. On

the other hand, as a consideration for the things appellee is to perform, and the share of the crops he agrees to deliver to appellants, appellants are to give to him the use of the land, in the state of cultivation in which it then was.

"To hold that the lessee in a contract like the one in this case can allege and prove a contemporaneous parol contract affecting and changing the terms, consideration and liability on the written contract would permit the lessor, on the other hand, to allege and prove a contemporaneous verbal contract by which, as an additional consideration for the lease, the lessee was to purchase and keep a certain number of cattle or other stock for a certain period of time, and upon the sale of the same to pay to him the net proceeds of the same. Indeed, it would destroy the whole force, effect and purpose of the written contract.

"There would be no purpose or benefit in stating in the written contract what either party was to do in consideration for the use of the land, on the one hand, or for the farming and cultivating on the other, as all that would be necessary to avoid the effect of such written contract would be to aver, as an additional consideration for the use of the land or for the farming of the land, it was verbally agreed at the time that certain other things were to be done, performed or paid."

Very many other cases to the same effect could very readily be cited, but it will be sufficient to examine only two which, through their analogous facts, serve as fair examples of the application of the legal principle which we think should here control.

In Caldwell v. Perkins, 93 Wisc. 89, 67 N. W. 29, 30, the action was one for conversion of certain personal property and the answer was a general denial. Plaintiff had, by written contract, agreed to sell defendant a store and a stock of general merchandise therein. A deed was thereafter given, conveying this property and nothing more. There was no claim of fraud or mistake. Defendant asserted there was an oral agreement whereby the furniture, tools and implements used in and about the store but not

constituting a part of its fixtures, were to pass with it. This furniture etc. was the property in dispute in the case. The defendant was allowed by the trial court to testify that:

"The subject of taking an invoice of this furniture was spoken of by the plaintiff and myself, and it was said that it was not necessary; that it was bought as a whole, and went with the real estate."

This was permitted over an objection by plaintiff that all negotiations had been merged in the written instruments and that these could not be varied by parol evidence. On review this ruling was held error. In the course of its opinion the court first pointed out that in connection with certain written instruments, which from their nature are adopted merely to transfer title in execution of an agree- ment which they do not undertake to show, parol evidence may be received to prove the real contract between the parties and also that such evidence may properly be received of representations or of an anterior warranty by way of inducement in respect to the sale of chattel property, or the value of land conveyed. Then turning to the case in hand the court observed:

"But here, the entire contract being in writing, parol evidence was not admissible to show a prior or contemporaneous agreement by parol, to add a new obligation or provision to it, by which, for the same consideration expressed in it, the contract was to be made more burdensome to the plaintiff, or more beneficial to the defendant. The effect of the evidence, under the charge of the court, was to add a provision to the original contract, including, as a part of the property agreed to be sold to the defendant, the furniture and tools in dispute, in addition to the property described in it. As was said in Eighmie v. Taylor, 98 N. Y. 294: 'If we may go outside of the instrument to prove that there was a stipulation not contained in it, and that only a part of the contract was put in writing, and then, because of that fact, enforce the oral stipulation, there will be little of value left in the rule itself. The

writings which are protected from the effect of contemporaneous oral stipulations are those containing the terms of a contract between the parties, and designed to be the repository and evidence of their final intentions. If, upon inspection and study of the writing, read, as it may be, in the light of surrounding circumstances, in order to its proper understanding and interpretation, it appears to contain the engagements of the parties, and to define the object and measure the extent of such engagements, it constitutes the contract between them and is presumed to contain the whole of that contract.' These views of the case are decisive. Nothing can be added to or taken from the contract, except for fraud or mistake; and, as already stated, there was no claim of either. For these reasons we must hold that the court erred in admitting the parol evidence stated, and in instructing the jury, in substance, that they might give effect to it in arriving at a verdict. The judgment of the circuit court is reversed, and the cause is remanded for a new trial.''

Of similar purport is the case of Bopp v. Atkins, 10 N. Y. Sup. 539, where the court, stating the facts and law applicable, covered the matter thus:

''Action to recover the value of certain chattels alleged by the plaintiff to have been conveyed by the defendant to him with a house and lot in West Forty-fourth street. The contract of sale was in writing, and at the time of its execution something was said about certain articles, as carpets, gas fixtures, etc.; but when the contract was drawn up it entirely omitted any reference to these articles. Nevertheless, on the trial, plaintiff was allowed to give evidence as to the conversation before the signing of the contract, and judgment was rendered in plaintiff's favor for their value. This we think was error. The rule was elementary. When the parties deliberately put their agreement in writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagements, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing, and all oral testimony of particular conversations should be rejected. 1 Greenl. Ev. Secs. 275, 276. From the evidence admitted it

seems clear that the carpets, etc., were intended to go with the house; but they were not included in the contract, and the plaintiff has mistaken his remedy, which should have been an action to reform the contract. The judgment should therefore be reversed, with costs.''

Quite in line with the cases just reviewed are the decisions in Cady v. Lyman, 198 Iowa 661, 200 N. W. 190, and Bassett v. Breen, 118 Me. 279, 107 Atl. 832, to which our attention has been directed by counsel for respondent.

It is also urged for appellant that where an independent parol agreement has been made as an inducement to the making of a written contract, the former may be proved and enforced, though not referred to in the latter, and that this rule is applicable here. Cases are listed for our consideration. We have examined them all with care, and, as said in Miller v. Morine, 167 Iowa 287, 149 N. W. 229:

''They all deal with exceptions to the general rule. Generally speaking, such exceptions arise as a circumvention to fraud in some form, either as to the execution or as to the delivery of the instrument, or where the written contract is incomplete upon its face or ambiguous in its terms, or the oral agreement is independent and collateral and rests upon its own mutual considerations. None of such exceptions are involved in the case at bar. No fraud is pleaded, and no approach to fraud is shown in the evidence.''

The author in 3 Jones Commentaries on Evidence, page 2719, speaking of such inducing agreements and representations, says briefly:

''Such instances really turn on the proposition of the admissibility of evidence to show fraud.''

No case has been called to our notice in a jurisdiction where the parol evidence rule is generally applied wherein the exceptions thereto relied upon here by appellant have been held to control a state of facts similar to those at bar.

A number of cases from the courts of Pennsylvania are cited by appellant in connection with his argument on the point. Professor Wigmore, however, in his discussion of the parol evidence rule, says (5 Wigmore on Evidence (2d Ed.) 311):

"In Pennsylvania, the application of the rule seems to be governed by a test so anomalous that it may almost be said to destroy the essence of the rule in that jurisdiction. That test is *fraud.*"

The learned author then quotes from the opinion of Paxson, Justice, in Phillips v. Meily, 106 Pa. 536, to the following effect:

"The English rule that parol evidence is inadmissible to vary the terms of a written instrument does not exist in this state."

Our conclusion upon the matter at bar is that the trial court's ruling, holding the evidence objected to inadmissible, was correct, and that the judgment of the District Court should be affirmed.

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.