PAN-AMERICAN PETROLEUM CORPORATION *v.* WOODS.

(Division A. March 26, 1934.)

[153 So. 793. No. 31143.]

Jones & Stockett, of Woodville, for appellant.

Clay B. Tucker, of Woodville, for appellee.

Argued orally by **A. H. Jones**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

The appellant was the defendant, and the appellee was the plaintiff in the court below, and they will be herein-

after so styled. The plaintiff sued the defendant on a declaration containing two counts. The first set forth a written contract whereby the defendant leased from the plaintiff a filling station for a period of one year; appointed the plaintiff as its agent for the sale of gasoline at this filling station; agreed to pay him two and one-half cents commission on each gallon thereof sold by him; that the plaintiff complied with this written agreement, and there remained due him thereunder the sum of four dollars and fifty-one cents. The second count set forth an oral agreement by which the defendant agreed to pay the plaintiff an additional commission of one-half cent a gallon on gasoline sold by it for him, and that there was due the plaintiff under this agreement the sum of two hundred twenty-six dollars and five cents. The plaintiff recovered the full amount sued for.

The controversy arises over the alleged parol agreement. According to the defendant, an agent whose powers and duties are not disclosed by the record, approached the plaintiff, having then with him the written agreement in the form in which it was finally executed, and asked him to contract with the defendant in accordance therewith, which the plaintiff declined to do unless his compensation was increased. This the agent stated the defendant would not agree to, but said that, if the plaintiff would sign the agreement, they could get together on his requested increase of compensation. The plaintiff then signed the agreement, delivered it to the agent who thereafter forwarded it to his principal, the defendant, which signed it, and the agreement, or a copy thereof was thereafter delivered to the defendant. Immediately upon the defendant signing the agreement, this agent orally agreed that the compensation would be one-half cent a gallon for the sale of the gasoline more than stipulated in the written agreement.

The defendant claims that in so far as the agent's authority to make the parol agreement is concerned, it is

immaterial whether he possessed such power or not, for it was afterwards ratified by certain conduct of the defendant pursuant thereto. This question will be pretermitted, and we will come at once to the effect of this oral agreement.

As hereinbefore stated, the agreement was made before the completion of the written agreement; for it did not become complete until it was thereafter signed by the defendant. But even if we should hold that it was complete when it was signed by the plaintiff, the oral agreement was partly made before the defendant signed it and completely made contemporaneously therewith; and since it materially varies a contractual feature of the written agreement, it can be given no effect unless, under the rule invoked by the plaintiff and within which he says the case comes, oral agreements and representations fraudulently made to induce the execution of a contract, are admissible in evidence. This is not a complete statement of the rule. Such evidence is admissible when it is offered for the purpose of nullifying a written contract on the ground that it was secured by fraud. This rule has no application here for the reason that the plaintiff does not seek to destroy the written contract. What he is seeking to do, is to enforce the written agreement and add another stipulation thereto by parol.

An instruction requested by the defendant, and refused, charging the jury to find a verdict for the plaintiff for four dollars and fifty-one cents, should have been given, and there should have been a judgment accordingly.

The judgment of the court below will be reversed, and judgment for the plaintiff for four dollars and fifty-one cents, which should have been rendered in the court below, will be rendered here.

So ordered.