## BARRETT v. FIRST NAT. BANK OF GREEN RIVER, ET AL.

(No. 1988; November 24, 1936; 62 Pac. (2d) 318)

For the appellant, there was a brief and the cause was argued orally by *Walter Q. Phelan* of Cheyenne.

For the respondents, there was a brief by *T. S. Taliaferro, Jr., A. L. Taliaferro* and *Lewis H. Brown* of Rock Springs and oral argument by *Messrs. Brown* and *T. S. Taliaferro, Jr.*

BLUME, Justice.

The following are the facts, so far as they are necessary to be stated, for the determination of this case. Plaintiff is the owner of certain real estate situated in Sweetwater County, Wyoming. On January 27, 1931, he executed a mortgage thereon to the defendant bank to secure the sum of $4000, and, the debt being unpaid, it commenced to foreclose the mortgage on April 13,

1935, prior to the commencement of this action, and thereafter sold the land and bid it in. On February 26, 1931, plaintiff executed to the Big Sandy Live Stock Company a lease for the premises above mentioned, for the period of five years, running from November 1, 1930 to November 1, 1935. The lease is in the usual form ordinarily used in this state, and complete on its face, wherein the lessee agrees to pay as rental for the premises the sum of $500, payable at the rate of $100 per annum, in advance, and containing further the usual covenants found in the ordinary lease. The plaintiff claims, and alleges in his petition, that this lease was executed at the special instance of the defendant Taliaferro, who at the time represented the plaintiff as attorney; that the amount of $500 agreed to be paid to the plaintiff as rental was merely a nominal consideration; that in further consideration of the lease the defendant Taliaferro and the Big Sandy Live Stock Company agreed to pay the annual taxes assessed against the property, and to pay the defendant bank annual payments equivalent to one-fifth each year due upon the mortgage, so that it would be paid in full at the end of the expiration of the lease, but that they failed and refused to do so, and entered into a conspiracy not to do so, in which the defendant bank joined; that for the purpose of carrying out such conspiracy, the defendant bank failed and neglected to notify the plaintiff that the mortgage had not been paid, and foreclosed it and became a purchaser of the property. Plaintiff, accordingly, claims that the mortgage should be held to have been paid, and asks that the foreclosure proceedings be declared void. Answers were filed by the various defendants denying the conspiracy and the agreement of Taliaferro and the Big Sandy Live Stock Company to pay the mortgage and the taxes above mentioned. The case was tried to the court without a jury. It found generally in favor of

the defendants, but it appearing that the rental of five hundred dollars had not been paid, judgment for that amount was entered in favor of the plaintiff and against the Big Sandy Livestock Company. The plaintiff has appealed.

Plaintiff has assigned a number of errors, but, as stated in his counsel's brief, the sole question before the court is as to whether or not the trial court erred in refusing to permit the plaintiff to prove by parol testimony that, in addition to the consideration of $500, the defendants Taliaferro and the Big Sandy Livestock Company agreed to pay the taxes and the mortgage above mentioned, in face of the fact that the written lease appears to be complete on its face. It is not claimed that plaintiff signed or executed the lease through fraud or mistake, and no reformation of the lease is asked, but the contention is merely that the whole of the contract was not embodied therein. In other words, plaintiff seeks to vary the written contract, and establish by parol an additional undertaking. He contends that the parol evidence rule does not apply, for the reason that the real consideration may always be shown, though that varies and contradicts a written contract. We confine our decision to that contention. The principle involved was settled by this court in the case of Carey v. Manfull, 41 Wyo. 476, 287 Pac. 433. We there discussed the question of contradicting the consideration expressed in a written contract, the Pennsylvania rule and the rule as to independent parol agreements entered into as an inducement to the making of the written contract in question —rules particularly urged by counsel for plaintiff in this case. We held that in case of a written contract for the purchase of a house, parol testimony that the purchaser was also to receive furniture was inadmissible. The question of consideration was as truly involved in that case as in this, and we so considered it,

for the house was the consideration which the vendor was to pay under the written contract, the vendee asking for more under a prior or contemporaneous parol agreement. While that case involved a written contract of sale, and this case involves a written contract of lease, the underlying principle is the same. The appellant, in effect, sought to show by parol that the rental to be paid was more than that mentioned in the lease. If that can be done, it can also, in like manner, be shown that the rental to be paid was less than that stipulated in the lease. That would make written leases substantially worthless. We cannot subscribe to such doctrine. It is stated in 22 C. J. 1131 that a "written lease cannot be varied by establishing a parol agreement between the parties modifying its terms as to the rent payable." Tiffany on Landlord and Tenant, Vol. 1, p. 1061, states that "the parol evidence rule has quite occasionally been applied, so as to exclude evidence that the actual contract of the parties as regards the amount of rent to be paid was different from that stated in the instrument of lease." So it has been expressly held that it cannot be shown by a previous or contemporary parol agreement that the rent to be paid was, directly or indirectly, to be less than that stated in a written agreement. Williams v. Kent, 67 Md. 350, 10 Atl. 228; Kaven v. Chrystie, 84 N. Y. S. 470; Merchants State Bank v. Ruetell, 12 N. D. 519, 97 N. W. 853; Hank v. Martin, 32 Cal. App. 88, 162 Pac. 427; Spear v. Hardon, 215 Mass. 89, 102 N. E. 126; David Stevenson Brewing Co. v. Realty Co., 156 App. Div. 271, 141 N. Y. S. 271; Monroe Inv. Co. v. Ford, 168 La. 475, 122 So. 586. And the same principle has been applied where it was sought to be shown by parol that a higher rent was to be paid. Pan American Petroleum Corp v. Woods, (Miss.) 153 So. 793; Owen v. Sav. & Trust Co., (Ind. App.) 189 N. E. 173; Liebeskind v. Moore, 84 N. Y. S. 850; Preston v. Moreau,

508

2 Wm. Blackstone 1249, 96 Eng. Rep. 736. In Delamater v. Bush, 63 Barb. 168, the court said: "While in deeds and other instruments, you may, for certain purposes, prove the consideration to be different from that expressed, it is not admissible to contradict an agreement or covenant to pay a certain sum." And in Williams v. Kent, 67 Md. 350, 10 Atl. 228, the court said: "It is well settled that where the lessor and lessee enter into a written agreement for the rent of property for a sum specified, parol evidence will not be received, either for the purpose of increasing or diminishing the sum so agreed upon. The written contract must speak for itself."

The judgment of the trial court is, accordingly, affirmed.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.