Ray L. LEFFORGE, Appellant
(Defendant below),

v.

M. C. ROGERS, Appellee (Plaintiff below).
No. 3480.

Supreme Court of Wyoming. .
Oct. 31, 1966.

Clarence A. Brimmer, Jr., and Samuel T. Ishmael, of Brimmer & Brimmer, Rawlins, for appellant.

John V. Crow, Rawlins, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Plaintiff filed a complaint alleging that defendant owed him $3,881.99 for two Zeon signs. Defendant denied generally and asserted that the complaint failed to state a claim upon which relief could be granted. The case was heard without a jury, and the court decreed that the plaintiff have and recover the $3,881.99, finding inter alia that the parties entered into a verbal agreement whereby the defendant was to assume the liability and obligation of the plaintiff for the signs.

Prior to September 24, 1962, the parties had negotiated for the sale of plaintiff's business, and a written agreement was entered into on September 24, providing for

the sale of "all General Motors Corporation, Buick-Pontiac automobile and G.M.C. truck parts; and all shop equipment, office equipment, and parts bins," and indicating that plaintiff would comply with the Bulk Sales Law or furnish defendant with an affidavit to the effect that there were no unpaid creditors.[1] Defendant was to be at a new location and plaintiff testified that at the time the written agreement was being prepared he indicated he wished that agreement to encompass arrangements concerning five signs which he had leased. Three of these were billboards signs, which defendant later used after making necessary arrangements with the lessor, and two were the Zeon signs, over which the present controversy arose, one of which was located on plaintiff's building and the other at his used car lot. The attorney who drew the written agreement first testified that defendant had said he would hold plaintiff harmless as far as any other payments on the sign, but on cross-examination said probably the word "harmless" was not used but that defendant had said he was "holding" so that plaintiff would not be responsible for the indebtedness. According to plaintiff:

"* * * everything went into the agreement with the exception of the signs and when we came to the signs, Mr. Lefforge stated that he would rather leave the signs out of the buy and sell agreement, and I said, well, after all, I don't want to be stuck with the signs because after all if I go out of business I have no further use for the signs, and at this point Mr. Lefforge stated that he would like to have the opportunity to deal with the sign companies himself. He made the statement that I was probably paying too much money for the rental of the signs and that he would rather deal directly with them * * * [and] that

spending this kind of money * * * [his] word ought to be good for some signs. * * * he said, 'I will deal direct with the sign people myself. I will make my own deal with them.' And I said, 'Well, what about me?' And he said, 'You have no more worries. I will get them off of your back and I will deal with the sign people direct.' * * * 'You are not going to be stuck for these signs.' * * *"

Following the date of the sale of the agency, defendant had certain negotiations with the lessor of the two Zeon signs but finally wrote the company a letter saying there was no use of contacting him further until there was a better price. Thereafter, the sign company sued plaintiff and secured judgment for the amount claimed in this litigation.

Appeal has been taken from the court's judgment decreeing that plaintiff have and recover the $3,881.99, defendant urging that the court erred in four different respects. It is first contended that the written agreement between the parties is controlling so that the plaintiff could not show by parol testimony that the parties had an oral, collateral agreement regarding the signs, and secondly, that the essential elements of a binding collateral contract, including mutual assent and consideration, are not shown by the evidence. Finally, it is argued that any alleged oral contract is unenforceable because of the violation of the statute of frauds and that the amount of the judgment awarded by the trial court is excessive because plaintiff failed to mitigate the damages as required by law.

As to defendant's first and second charges of error, he cites 32A C.J.S. Evidence § 901 for the statement:

"* * * it is established that, with certain exceptions * * * such as fraud,

---

1. The affidavit was subsequently provided and stated that "the affiant has no unpaid bills or accounts due and owing by him to anyone in connection with the automobile and truck business carried on by him during the time he has been in Rawlins. * * * the only bills due and owing by the affiant would be those bills contracted each month in connection with wages, rent and current operating expenses paid on a monthly basis."

accident, mistake, or ambiguity, parol or extrinsic evidence is not admissible to vary, add to, modify, or contradict the terms or provisions of the written instrument * * *.

"Where the parties have deliberately put their engagements into writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of their engagement, all previous or contemporaneous negotiations and agreements with reference to the subject matter are, or are presumed or considered to have been, merged in, or superseded by, the written contract, and the whole engagement of the parties and the extent of their undertaking is conclusively presumed, or at least they are prima facie presumed, to have been reduced to writing. In such cases, the writing is regarded as the only evidence of the agreement * * *."

Defendant bolsters the mentioned rule with numerous cases, including that of Demple v. Carroll, 21 Wyo. 447, 133 P. 137, 135 P. 117, and Cary v. Manfull, 41 Wyo. 476, 287 P. 433. It is unnecessary to analyze and delineate each of these cases or to discuss the matter at any great length since the encyclopedic statement of the rule clearly provides for "certain exceptions" which are apparent on the face when it is further stated that the rule is applicable only where the parties have without uncertainty put into writing *all previous or contemporaneous negotiations and agreements with reference to the subject matter*. As plaintiff points out, the same encyclopedic reference at § 997, p. 509, states that the rule excluding parol evidence to vary or contradict a writing does not extend so far as to preclude the admission of extrinsic evidence to show a valid prior or contemporaneous collateral parol agreement between the parties, which is separate and distinct from, and independent of, the written instrument, has not been merged in, or superseded by, such instrument, and does not contradict, conflict with, or vary the express or implied provisions thereof or deal with a definite and particular subject matter which the written instrument expressly or impliedly undertakes to cover. In the Cary case, 287 P. at 436, this court noted that exceptions to the parol evidence rule generally arise as a circumvention to fraud in some form, either as to the execution or as to the delivery of the instrument, where the written contract is incomplete upon its face or ambiguous in its terms, or the oral agreement is independent and collateral and rests upon its own mutual considerations. Although minds might well differ on the facts in the case before us, it would appear that the trial court, under the evidence, was not prevented from determining that the oral contract pertaining to the signs neither varied nor contradicted the written agreement and that, under the circumstances present, the oral contract was one the parties might naturally have made separately. Nevertheless, defendant's contention that mutual assent and consideration were not shown by the evidence indeed raises a serious question as to the validity of the trial court's judgment. Defendant argues initially that any offer of plaintiff and acceptance by defendant is void for lack of mutuality and maintains that if parol testimony is allowed to establish an oral agreement because of the independency of the oral agreement from the written one there would be no possibility that the oral agreement was based upon the consideration of the written companion agreement, insisting that the evidence is devoid of any showing of other consideration. To this argument, plaintiff replies merely by pointing out that one contract may be the consideration of another. Langenback v. Mays, 205 Ga. 706, 54 S.E. 2d 401, 11 A.L.R.2d 1221. It is true that in that case the court applied the principle of nonmerger, holding that where as an inducement and consideration for the execution of a written contract for the sale of land, together with certain tourist cabins thereon, the sellers orally agreed with the buyers that they would not thereafter compete with them in renting tourist cabins in the area, such oral agreement was separate and distinct from and not inconsistent with

the written contract, and was enforceable in equity. However, it has long been recognized that ordinarily the sale of a business or property is a sufficient consideration for a contract in restraint of trade. May v. Johnson, 13 La.App. 521, 128 So. 540; Scott v. Asbury, Mo.App., 198 S.W. 1131; 17 C.J.S. Contracts § 257. In Kollen v. High Point Forest, Inc., 104 Ga.App. 713, 123 S.E.2d 10, the court noted that the rationale of the Langenback case as well as others finds support in the fact that " 'Where there are stipulations in the preliminary contract or contracts of which the conveyance is not a performance, the question whether such stipulations are merged in the deed depends upon the intent of the parties. * * * The evidence of such intention may exist in or out of the deed. * * * It is usually held that stipulations for the performance of acts after the giving of the deed, such as a stipulation for the making of repairs or improvements, are not merged in the deed [55 Am.Jur. Vendor and Purchaser § 328, p. 757],' " and that " 'From this it may be stated as a general rule that where the antecedent contract contains provisions imposing obligations *upon the vendor* other than those relating to title or possession, and so far collateral thereto as to indicate that their omission from the deed was without any deliberate intent to preclude their survival of that instrument, such collateral provisions will be held to survive the deed [Annotation, 38 A.L.R.2d 1321].' " (Emphasis supplied.)

In the instant case, there was no proof that the execution of the written contract was consideration for the alleged oral agreement or that there existed any other consideration for it. Furthermore, this court is unwilling to say that under the circumstances here present Langenback v. Mays, supra, dealing with a particular type of situation, is authority for plaintiff's position that one contract may be the consideration of another. Accordingly, the judgment must be reversed. It, therefore, becomes unnecessary to enter into a discussion of defendant's allegations of error

that any alleged oral contract is unenforceable because of the violation of the statute of frauds and that the amount of the judgment awarded by the trial court is excessive because plaintiff failed to mitigate the damages as required by law.

Reversed.